The STATE of Ohio, Appellee,

v.

LOWMAN, Appellant.

[Cite as *State v. Lowman* (1992), 82 Ohio App.3d 831.]

Court of Appeals of Ohio,
Warren County.

No. CA92-03-024.

Decided Oct. 12, 1992.

*James A. Whitaker*, Lebanon Prosecuting Attorney, for appellee.
*Armin R. Frank*, for appellant.

---

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Claude D. Lowman, appeals his bench trial convictions in Lebanon Municipal Court for operating a motor vehicle while under the influence of alcohol pursuant to R.C. 4511.19(A)(1), failure to use a turn signal pursuant to R.C. 4511.39, and for possessing an open container of alcohol pursuant to R.C. 4301.62.

The record indicates that on January 7, 1992, Troopers James Adams and Mark Gooding of the Ohio State Highway Patrol were stationed at a rest area off Interstate 71 in Warren County. They witnessed appellant enter the highway from the entrance ramp of the rest area without using his turn signal. No other cars were approaching on the highway.

The troopers stopped appellant's automobile, and appellant exited the vehicle. As appellant walked toward the troopers, they noticed that he was walking unsteadily. During routine questioning, the troopers detected a strong odor of alcohol. Appellant's speech was slurred and his eyes were glassy. No field sobriety tests were administered, however, because appellant

told Adams and Gooding that he had recently had heart surgery and could not perform the tests.

The troopers arrested appellant for driving under the influence of alcohol and placed him in their cruiser. After placing appellant under arrest, Trooper Gooding returned to appellant's car to secure it. In doing so, he found five empty beer cans, one open and partially full beer can, and six full beer cans in plain view in the vehicle.

While the troopers were taking appellant to the patrol post, he complained of chest pains. He was then taken to Bethesda Hospital in Warren County. No breath or blood tests were taken, out of concern for appellant's health.

Appellant was charged with the above-listed offenses as well as driving without using a safety belt. Following a bench trial held on March 2, 1992, he was convicted of all of the charges, except the safety belt offense. The trial court's judgment entry was filed March 2, 1992.

Appellant brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The judgment of the trial court that the defendant was guilty of a turn signal violation and driving under the influence was contrary to law, against the manifest weight of the evidence, and not supported by sufficient evidence satisfying the state's burden of proof."

Assignment of Error No. 2:

"The conviction of the defendant was unconstitutional and in violation of his Sixth Amendment right to the effective assistance of counsel where no motion to suppress evidence unconstitutionally obtained was made by his trial attorney."

In his first assignment of error, appellant claims that the convictions for failing to signal and for driving under the influence of alcohol were based on insufficient evidence and were against the manifest weight of the evidence. An appellate court's function when reviewing the weight and sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the elements proven beyond a reasonable doubt. *Id.*

■ We begin with the conviction for failure to signal pursuant to R.C. 4511.39. Appellant concedes that he did not signal his intent to move onto the highway when he left the rest area. He contends, however, that he did not violate R.C. 4511.39 because there was no approaching traffic and thus no obligation to signal. R.C. 4511.39 provides:

"No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised the due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

"When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning * * *."

Appellant argues that R.C. 4511.39 requires the use of a signal only when the driver's movement in traffic may affect another vehicle. He places special emphasis on the statutory phrases "appropriate signal" and "when required." It is argued that these phrases imply that the use of a signal is not mandatory in all situations, but only when traffic conditions necessitate such use. Thus, in effect, appellant argues that R.C. 4511.39 prescribes a rule of reasonableness with regard to signaling.

Appellant's argument is not well taken. The first paragraph of R.C. 4511.39 sets forth two distinct duties. It embodies a requirement of reasonable care in changing directions in traffic *and* a requirement to use a signal. The statute says that a driver may not change direction until he has ascertained "that the movement can be made with reasonable safety *nor* without giving an appropriate signal * * *." (Emphasis added.) The signal requirement is set forth in absolute terms and is not modified by the language mandating reasonableness in changing directions.

Further, because it is followed by the phrase "in the manner hereinafter provided" the term "appropriate signal" must be seen as describing the mechanics of giving the signal itself, and not as referring to the situation in which the signal is required. The fact that the legislature required the use of an "appropriate signal" cannot be construed as making the use of such signal contingent upon traffic conditions. Similarly, the phrase "when required" simply refers to a situation in which the driver intends to change direction on the roadway. The phrase refers to the signal requirement as set forth in the first paragraph of the statute, and again there is no indication that this language was intended to make the requirement conditional. The legislature could have chosen a term such as "when reasonable," but it did not do so. We decline to read such language into the section.

In sum, we find that the evidence presented by the prosecution was sufficient to convict appellant of a violation of R.C. 4511.39. The state was not required to prove that appellant's failure to signal interfered with the movement of other drivers. Accordingly, appellant's first argument is found to be without merit.

■ We now turn to the conviction for operating a motor vehicle while under the influence of alcohol. · R.C. 4511.19, governing driving while under the influence of alcohol, provides in part as follows:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse * * *[.]"

■ Under R.C. 4511.19(A)(1), the prosecution need not establish a threshold level of alcohol concentration in the defendant's body. It must, however, prove that the defendant operated a vehicle when his faculties were appreciably impaired by the consumption of alcohol. *State v. Bakst* (1986), 30 Ohio App.3d 141, 145, 30 OBR 259, 264, 506 N.E.2d 1208, 1213; *State v. Spicer* (Aug. 26, 1991), Preble App. No. CA90–11–022, unreported, 1991 WL 164591.

In the instant case, a rational trier of fact could have found all of the elements of R.C. 4511.19(A)(1) proven beyond a reasonable doubt. When appellant got out of his automobile, he smelled strongly of alcohol, and Trooper Gooding later found five empty beer cans and a partially empty beer can in appellant's car. Thus, there was evidence that appellant had consumed a substantial amount of alcohol. Also, there was evidence that this consumption of alcohol appreciably impaired appellant's ability to operate a vehicle. The troopers testified that appellant staggered when he got out of his vehicle and that his speech was slurred. Further, the troopers testified that his eyes were glassy and that his face was flushed, characteristics consistent with a level of intoxication that would impair a person's faculties.

■ Appellant contends that the troopers' failure to explicitly state that they believed appellant to be intoxicated rendered the conviction invalid. We are not persuaded. The evidence was such that the court could have inferred intoxication from the troopers' description of appellant's behavior and appearance. The absence of an explicit opinion concerning appellant's state of intoxication was not fatal to the prosecution's case.

Appellant also suggests that his large physical size and his heart ailment accounted for the appearance of intoxication. Specifically, he claims that his irregular gait was caused by his size and that his flushed appearance and difficulty in speaking were due to his illness. While these arguments are

arguably plausible, the trial court did not find them to be persuasive. Such questions of credibility are properly left to the trial court. As there was evidence to support the trial court's conclusion that appellant was intoxicated, we are unable to disturb that finding. Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that his convictions were unconstitutional. He first argues that the troopers did not have sufficient cause upon which to make the initial investigative stop and that, therefore, all evidence produced by that stop was improperly admitted at trial.

In the case of an investigative stop, the proper standard is not probable cause, but rather that there existed in the officer's mind a reasonable suspicion based on articulable facts that a violation of law had occurred or was occurring. *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 534 N.E.2d 906; *State v. Bert* (Dec. 16, 1991), Warren App. No. CA91–03–026, unreported, 1991 WL 268241. An investigative stop of a motor vehicle and the detention of its occupants are reasonable under the Fourth Amendment where there are specific articulable facts warranting the stop. *Bert; Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660.

In the instant case, the state justified the investigative stop on the basis of appellant's failure to signal when entering the highway. Appellant in essence reiterates his argument that his failure to use a turn signal under the circumstances was not a violation of R.C. 4511.39. Therefore, he argues, there was no reasonable suspicion that a violation of law had occurred or was occurring. However, having found that appellant's conduct was in violation of R.C. 4511.39, we must now also find that the patrolmen had a reasonable suspicion of the commission of a traffic violation to justify the stop. The troopers witnessed appellant committing a traffic offense and properly made an investigative stop. Appellant's argument under his second assignment of error is thus found to be without merit.

Appellant's final argument is that he was denied the effective assistance of counsel at the trial court level. He argues that trial counsel's failure to file a motion to suppress the evidence obtained in conjunction with the above-described investigative stop constituted ineffective assistance.

It is well settled that trial counsel's performance will not be regarded as ineffective unless counsel's performance is proven to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from the deficient representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Grathwohl* (Nov. 18, 1991), Butler App. No. CA91–04–058, unreported, 1991 WL 241945. In order

to demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

In the instant case, appellant was not deprived of the effective assistance of counsel within the meaning of *Strickland*. We agree with appellant's assertion that a motion to suppress should have been filed. Appellant had at least a reasonable claim that the investigative stop was invalid based upon the issue of whether a violation of R.C. 4511.39 had occurred. We can conceive of no tactical advantage in trial counsel's failure to raise that claim.

However, having found the argument concerning the investigative stop to be not well taken, we must conclude that appellant was not prejudiced by the failure of trial counsel to file a motion to suppress. The motion to suppress would not have been properly sustained, and therefore appellant was not prejudiced by the claimed deficiency of trial counsel. Appellant's assertion that he should prevail on his claim of ineffective assistance because there was a possibility that the trial court would have granted the motion is untenable in light of the *Strickland* court's definition of "prejudice." As such, appellant's second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

Appellant's separate convictions must stand or fall on the basis of the majority's holding that appellant committed a traffic offense by failing to signal his intention to enter I–71 while using the ramp leading from the rest area to the highway. If appellant violated R.C. 4511.39 by failing to use a hand signal or activate his left turn signal, the traffic stop was justified on the basis that the investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if he had a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. *State v. Bird* (1988), 49 Ohio App.3d 156, 551 N.E.2d 622. In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a man of reasonable caution in the belief that the action was appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, 44 O.O.2d 383.

Accordingly, if appellant did not violate R.C. 4511.39, the arresting officers had no right to stop his vehicle and the accompanying charges of possessing an open container and operating a motor vehicle while under the influence of alcohol must fail. *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141.

It is therefore necessary to analyze R.C. 4511.39 to determine if appellant violated the statute in failing to signal by his obvious intention to move from the exit ramp into the drive lane of I–71. In such analysis, we must keep in mind that the arresting officer testified that appellant's failure to use a turn signal did not "inconvenience any other vehicles or interfere with any other vehicles in their lane of travel," simply because there were no other vehicles on the road. Significantly, there are no reported cases interpreting R.C. 4511.39 where there were not other vehicles on the road resulting in an accident.

Appellant obviously exercised due care to ascertain that the movement could be made with reasonable safety, inasmuch as there was no other vehicle in sight, and accordingly appellant complied with the first "duty" set forth in the first paragraph of R.C. 4511.39.

The majority erroneously concludes that the remainder of the first paragraph, *i.e.,* "nor without giving an appropriate signal in the manner hereinafter provided," creates a second duty requiring the operator to *always* give some kind of signal.

A careful analysis of the second paragraph of R.C. 4511.39 reveals that the term "when required" at the beginning of the second paragraph has no meaning and is mere surplusage if the majority is correct in its belief that either a hand signal or a turn signal is *always* required. A fundamental rule of statutory construction dictates a finding that language contained in any statute must be construed so as to give such language its ordinary and intended meaning, absent a contrary intention expressed by the legislature. Accordingly, the legislature's use of the term "when required" implies without caveat that there are circumstances when neither a hand signal nor a turn signal is required.[1]

It would seem that it is now the law in the eight counties of the Twelfth Appellate District that a driver must activate his turn signal if he is driving on a country road at 4:00 a.m. without another vehicle within miles if he turns his car so as to avoid a boulder in his path.

---

**1.** If, for example, the "turn" or the movement right or left can be made with reasonable safety, as in the case *sub judice,* because there are no other vehicles on the road, a driver may certainly swerve to avoid an object lying in the roadway without signaling. A driver may change lanes when properly directed to do so by a flag man or police officer, and in fact a turn signal would even be confusing unless the driver intended to exit the roadway.

I dissent because appellant did not violate any traffic laws and I suggest that the investigative stop of his vehicle was based on a hunch rather than specific and articulable facts warranting a belief that criminal behavior had occurred. Even if the stop was proper, there was no test performed on appellant despite his request for such and, as the trial judge observed, " * * * there's * * * not much more than a cintella [*sic*] about how the alcohol effected [*sic*] his physical reactions." The evidence supporting the DUI conviction was tenuous, at best.

I would reverse all three convictions.