[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from the Erie County Court, Milan, Ohio. That court denied appellant's motion to suppress evidence obtained during a traffic stop. Appellant was convicted of driving under the influence of alcohol and driving under suspension. The facts giving rise to this appeal are as follows.
On February 25, 1997, a highway patrol trooper was on routine traffic patrol in a marked cruiser. At 2:10 a.m., he was patrolling a portion of State Route 113, a rural, two-lane highway. There was no traffic until the officer saw appellant driving toward him about a quarter of a mile away. When appellant was approximately one hundred feet away, the trooper noticed appellant was driving his car with its right-side wheels one foot over the right edge line. The area outside of the edge line was paved.
Appellant drove his car in that manner in a continuous straight line, without swerving or other erratic movement, past the trooper's car. Appellant was driving within the speed limit.
After appellant passed him, the trooper watched appellant in his rear view mirror. The trooper saw appellant briefly drive one or two feet left of center.
The trooper activated his overhead lights and eventually stopped appellant. The officer detected the smell of alcohol on appellant's breath. Later, a breathalyser test revealed appellant's blood alcohol level was above the legal limit. Appellant was charged with violations of R.C.4511.19(A)(1) (driving under the influence of alcohol),4507.02(D)(1) (driving under suspension), 4511.33(A) (not driving in marked lanes), and 4513.263(B) (not wearing seat belts).
On May 15, 1997, appellant filed a motion to suppress, alleging that the officer did not have reasonable, articulable suspicion to stop appellant's car. The trial court denied that motion after a hearing where the trooper was the only witness. Appellant entered pleas of no contest to driving under the influence of alcohol and driving while under suspension. The remaining charges were dismissed. After suspending a portion of the original term, the trial court sentenced appellant to serve one hundred eighty days incarceration, and placed him on probation. The court also fined appellant and suspended his operator's license.
Appellant appeals his conviction and asserts the following assignment of error:
 "IT WAS AGAINST THE WEIGHT OF EVIDENCE AND CONTRARY TO LAW FOR THE TRIAL COURT TO FIND AND HOLD THE OFFICER HAD AT THE TIME OF THE TRAFFIC STOP REASONABLE AND ARTICULABLE FACTS WHICH, TAKEN TOGETHER WITH RATIONAL INFERENCES[,] WOULD JUSTIFY THE INVESTIGATORY STOP."
Appellant contends that driving a vehicle with its right side wheels a foot past the lane's right edge line did not provide the highway patrol trooper with reasonable suspicion to believe a traffic offense had occurred. Appellant suggests that the trooper had no reason to believe a traffic violation occurred where driving outside a lane may be lawful if practicable and safe, and appellant drove outside his lane in a continuous straight line for one hundred feet.
When reviewing a trial court's decision on a motion to suppress, an appellate court must determine whether substantial evidence supports the decision. Maumee v. Johnson (1993),90 Ohio App.3d 169. The trial court acts as the trier of fact and is in the best position to resolve questions of fact and determine witness credibility. State v. Johnston (1993),85 Ohio App.3d 475, 477.
The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures, even when operating a motor vehicle. A seizure occurs when police restrain an individual's freedom for an investigatory stop, even if it is only a brief detention short of a traditional arrest.Terry v. Ohio (1968), 392 U.S. 1, 21; see State v. Andrews
(1991), 57 Ohio St.3d 86, 87. An officer may reasonably conduct an investigatory stop if the officer can point to specific and articulable facts which, under the totality of the circumstances, warrant a reasonable belief that criminal behavior has occurred or is imminent. Id. "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12.
This court has held that weaving while operating a vehicle, whether within or outside one's lane, authorizes police to stop a vehicle to investigate erratic driving. However, not every crossing of a highway edge line or center line makes a traffic stop constitutionally permissible. See State v. Gullett
(1992), 78 Ohio App.3d 138, 145. We have upheld investigatory stops where a driver weaved two or three times within a twenty-five foot distance and where a truck drove one foot over the edge line for about three seconds after a highway patrol vehicle pulled behind to investigate possible equipment and weight violations. See State v. Lopez
(Dec. 3, 1993), Lucas App. No. L-92-422, unreported; State v. Moran
(Nov. 15, 1996), Wood App. No. WD-95-060, unreported.
Here the highway patrol officer observed not one, but two, instances where appellant drove outside of the marked lane. Appellant first drove on the berm, a foot outside the right edge line, for one hundred feet. Then he swerved over the center line once after he passed the trooper. Based on the transcript of the suppression hearing, the weight of the evidence supports the trial court's decision to deny appellant's motion to suppress.
We also reject appellant's contention that he was justified in driving on the paved shoulder outside the edge line under R.C. 4511.33, rules for driving in marked lanes, which provides in relevant part:
 "Whenever any roadway has been divided into two or more clearly marked lanes for traffic * * *
 "(A) A vehicle * * * shall be driven, as nearly as is practicable entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety. "
Although this statute permits some latitude in operating a vehicle within marked lanes, it does not mean that police can never have reasonable suspicion to stop a person driving a vehicle outside its marked lane. The trooper testified he was unaware of any obstruction on the road, such as an animal, that would explain why a vehicle would drive outside both the edge line and cross the center line for over one hundred feet. An officer's observation of a traffic violation, such as driving erratically outside a marked lane for a significant distance at 2:00 in the morning, where there is no obvious explanation for such driving, justifies an investigative stop. See State v. Lowman (1992), 82 Ohio App.3d 831,837. If the specific and articulable facts available to an officer indicate that a motorist may be violating a traffic law, the officer is justified in stopping the motorist to investigate.State v. Carlson (1995), 102 Ohio App.3d 585, 591.
Because the trooper had reasonable suspicion based on specific and articulable facts to conduct an investigatory stop, the trial court correctly denied appellant's motion to suppress. Appellant's assignment of error is found not well-taken. The judgment of the Erie County Court, Milan, Ohio, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.