[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Sylvania Municipal Court, which denied appellant's motion to suppress. The facts giving rise to this appeal are as follows.
At 4:00 in the afternoon of August 29, 1996, an anonymous caller telephoned the Lucas County Sheriff's Office to report seeing a Rawlings[1] truck being operated recklessly on Dorr Street. The sheriff's office dispatched the report to a deputy on patrol in a cruiser.
The deputy was not near Dorr Street when he received the dispatch. Approximately five to ten minutes later, the deputy saw a yellow Rawlings truck blocking an intersection on Dorr Street. No cars could move through the intersection. The deputy testified that the truck had pulled into the intersection, but could not complete a lefthand turn because cars were backed up. By the time the deputy arrived, ten to fifteen car were backed up.
The deputy activated his overhead lights. The deputy instructed the driver of the truck to back up and make the turn after the deputy cleared traffic. He directed the driver of the truck to pull off to the side of the road and "we'll find out what's going on." The driver obeyed.
The deputy cleared traffic in two minutes. He then approached appellant's stopped truck. The deputy testified that both appellant, the truck's driver, and the passenger were outside of the truck when he approached. The passenger claimed to be the driver. The deputy explained he knew that appellant was driving when the deputy first found the truck in the intersection.
The deputy detected alcohol on appellant's breath. Appellant performed poorly on field sobriety tests.
The deputy arrested appellant for driving under the influence of alcohol, in violation of R.C. 4511.19(A), and driving with a prohibited concentration of alcohol, in violation of R.C.4511.19(A)(3). Appellant pled not guilty to the R.C.4511.19(A)(1) violation, and the R.C. 4511.19(A)(3) charges were dismissed. Appellant moved to suppress all evidence, arguing there was insufficient probable cause for the traffic stop and he was not properly given Miranda warnings.
At the suppression hearing, the deputy acknowledged that he had not issued a traffic citation to appellant for blocking traffic. In fact, the deputy explained that, in his experience, drivers who were lost would often get trapped in intersections in that area. He customarily told drivers whom he suspected were lost in traffic to pull off the road while he cleared traffic problems to find out where they were going. The deputy testified, "[a] lot of times if they're lost, they may not know where they're going, so I'll ask them where they're heading out to, give them directions, help them get back on their way." When the deputy told appellant to pull the truck to the side of the road, he considered the driver to be detained. The deputy acknowledged that, other than hearing the dispatch report of a reckless truck and observing the truck blocking an intersection, he had no reason to know anything else was wrong when he gave that order.
The trial court denied the suppression motion finding an investigatory stop was justified. It determined that the truck's description, and the fact it was stopped in the middle of an intersection blocking traffic, corroborated the anonymous caller's description of a recklessly-driven yellow Rawlings truck on Dorr Street.
A jury found appellant guilty of operating a motor vehicle under the influence, in violation of R.C. 4511.19(A)(1). Appellant appeals his conviction and sentence setting forth the following sole assignment of error:
 "I. THE TRAFFIC STOP AND SUBSEQUENT ARREST OF APPELLANT WAS A VIOLATION OF APPELLANT'S FOURTH AMENDMENT RIGHT PURSUANT TO THE UNITED STATES CONSTITUTION BECAUSE THE STOP WAS NOT BASED UPON A REASONABLE AND ARTICULABLE SUSPICION THAT APPELLANT WAS ENGAGED IN CRIMINAL ACTIVITY."
Appellant contends that the trial court erred by overruling his motion to suppress because the deputy did not have reasonable suspicion to conduct an investigatory stop. TheFourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures, even when operating a motor vehicle. An investigatory stop by the police which restrains an individual's freedom, even for a brief detention short of traditional arrest, constitutes a "seizure". Terry v.Ohio (1968), 392 U.S. 1, 21; see State v. Andrews (1991), 57 Ohio St.3d 86,87. An officer may reasonably conduct an investigatory stop if the officer can point to specific and articulable facts which warrant a reasonable belief that criminal behavior has occurred or is imminent. Id.
Reasonable suspicion need not be based only on an officer's personal observations. Adams v. Williams (1972),407 U.S. 143, 147; see State v. Wilson (Oct. 29, 1993), Lucas. App. L-93-084, unreported (hospital's report and description of possible intoxicated driver provided reasonable suspicion to effect investigatory stop). A reasonable suspicion to effect an investigatory stop may arise from information supplied by an anonymous informant. Alabama v. White (1990), 496 U.S. 325, 331. Whether an anonymous tip can form the reasonable basis for an investigatory stop depends upon both the content of the information relayed to police and its degree of reliability. Id.
at 330. A tip which alone would not be sufficiently reliable may establish reasonable suspicion to make an investigatory stop if it is sufficiently corroborated through independent police work. Id.
at 330. An officer's observation of a traffic violation justifies an investigative stop. See State v. Lowman (1992), 82 Ohio App.3d 831,837; State v. Tenney (May 2, 1997), Lucas App. No. L-96-113 (where trooper observed no traffic violations before stopping driver, anonymous call to DUI hotline describing vehicle in which two occupants were allegedly consuming alcohol did not provide reasonable suspicion for investigatory stop).
Because the deputy did not know the identity of the informant or the facts the informant used to report reckless operation of the Rawlings vehicle, the deputy needed further corroboration to stop appellant. According to the deputy, it was not unusual for drivers to get caught in intersections in that vicinity of Dorr Street. In fact, it was his practice in such circumstances to have drivers pull over to determine whether they were lost in order to provide assistance.
Although the deputy did not issue a traffic ticket to appellant for stopping and blocking the intersection, R.C.4511.712 declares operating a motor vehicle in such a manner to be a traffic violation:
 "No driver shall enter an intersection * * * unless there is sufficient space on the other side of the intersection * * * to accommodate the vehicle * * * he is operating without obstructing the passage of other vehicles, streetcars, trackless trolleys, pedestrians, or railroad trains, notwithstanding any traffic control signal indication to proceed."
Thus, the deputy's testimony that he did not issue any citations to appellant other than for driving under the influence is insignificant. That testimony, on cross-examination, was as follows:
 "Q. [S]o what [appellant] was doing in the intersection when you first saw him was nothing worth giving a citation for?
 "A. [Officer] Not at that time. I — there is [sic] a lot of times vehicles do come in there, if they're not familiar with the area, they could get out into the intersection and get lost."
Police observation of a motor vehicle parked in the center of a street can establish probable cause to stop the driver for impeding traffic. State v. Williams (1994), 94 Ohio App.3d 538, paragraph 2 of syllabus (construing R.C. 4511.22). Although the deputy had no independent knowledge that appellant was driving under the influence of alcohol before ordering the truck to pull over, he had reason to cite appellant for violating R.C. 4511.712
when he confronted appellant face to face and detected the odor of alcohol.
We can presume the deputy, in his discretion, elected not to cite appellant for the lesser traffic violation of R.C.4511.712. Reasonable suspicion, based on specific and articulable facts, to conduct an investigatory stop after a police officer observes a traffic violation is not negated by the fact an officer does not issue a ticket after investigating. We conclude the trial court did not err by denying appellant's motion to suppress.
Appellee asserts that it does not matter whether the deputy had a reasonable basis to order appellant to stop the truck at the side of the road because the deputy owed a public safety duty to stop and determine if appellant needed assistance. The community caretaking or public safety function is apart from any duty an officer might have to conduct an investigatory stop into potential criminal activity. See State v. Matz (Mar. 26, 1997), Fairfield App. 96CA55, unreported. Because we have determined that the deputy did have a reasonable basis to order appellant's stop, we do not need to determine the merits of appellee's argument based on the community caretaking function.
South Dakota v. Opperman (1976), 428 U.S. 364, 368-369.
For the foregoing reasons, appellant's sole assignment of error is found not well-taken. On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sylvania Municipal Court is affirmed. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] The parties, trial court, and the transcript identify the name on the truck as "Rawlings". We have reason to believe the name is properly spelled "Rollins" to refer to a truck rental enterprise.