Michael Rees, defendant-appellant, appeals from the judgment of the City of Cleveland Municipal Court, Case No. 98-TRC-1072, in which the trial court overruled defendant-appellant's motion to suppress evidence regarding his arrest for driving under the influence. Defendant-appellant also appeals from the sentence of the trial court. Defendant-appellant assigns four errors for this court's review.
Defendant-appellant's appeal is affirmed in part, reversed in part and remanded.
On January 19, 1998, at approximately 1:30 a.m., Officer Dearel White of the Cleveland Police Department was patrolling the West 86th Street area in Cleveland, Ohio. Officer White observed defendant-appellant proceeding northbound on West 86th Street. Defendant-appellant's vehicle was weaving in and out of his lane of travel. Officer White noted that West 86th Street is a one-way street with cars parked on both sides of the street. Officer White noted further that defendant-appellant's vehicle nearly struck parked cars on both sides of the street.
Consequently, Officer White activated the overhead lights and siren on the police car and stopped defendant-appellant's vehicle. Prior to stopping the car, Officer White observed defendant-appellant throw a small "L" shaped glass object out of the automobile window. The object resembled a pipe normally associated with drug abuse. The object was not recovered.
Upon approaching the vehicle, Officer Rickie Gilbert of the Cleveland Police Department noticed that defendant-appellant seemed to be intoxicated. Defendant-appellant was asked to perform four field sobriety tests, three of which defendant-appellant failed. Defendant-appellant was placed under arrest and taken into custody. Defendant-appellant was advised of his Miranda Rights while in the police car as well as at the First District Police Station. Defendant-appellant maintained that, once at the police station, he requested to speak with an attorney to no avail.
Defendant-appellant consented to take a breathalyzer test which he failed with a result of 0.205. Defendant-appellant was then served with notice of an administrative license suspension pursuant to R.C. 4511.191.
Subsequently, defendant-appellant was charged with weaving, in violation of Cleveland Codified Ordinances 431.34 (B), driving under the influence, in violation of Cleveland Codified Ordinances 433.01 (a) (1) and driving under the influence-breath, in violation of Cleveland Codified Ordinances 433.01 (a) (3). On January 23, 1998, defendant-appellant was arraigned whereupon a plea of not guilty was entered to all charges.
On February 19, 1998, defendant-appellant filed a motion to suppress evidence in which he maintained that all evidence relating to his arrest for driving under the influence should be excluded for the following reasons; lack of probable cause for the initial stop; an improperly calibrated breathalyzer machine; an improperly performed breathalyzer test; and that the evidence was obtained in violation of defendant-appellant's constitutional right against self-incrimination. An evidentiary hearing on defendant-appellant's motion to suppress evidence was conducted on March 12, 1998. On March 18, 1998, the trial court overruled defendant-appellant's suppression motion.
On March 23, 1998, defendant-appellant withdrew his previously entered plea of not guilty and entered a plea of no contest to the charges of driving under the influence and weaving. The remaining count was nolled at the city's request. Defendant-appellant was then found guilty by the trial court and sentenced to 180 days in jail, 170 of which were suspended, and a $1,000 fine, $700 of which was also suspended.
On April 9, 1998, defendant-appellant filed a motion to vacate. On April 9, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court and a motion for stay of execution of sentence. Defendant-appellant's sentence was subsequently stayed pending the outcome of the instant appeal.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS WHEN THE RECORD FAILS TO ESTABLISH THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO STOP DEFENDANT FOR WEAVING.
Defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING DEFENDANT'S MOTION TO SUPPRESS THE RESULTS OF THE BREATHALYZER TEST PERFORMED UPON THE DEFENDANT WHEN THE RECORD FAILS TO ESTABLISH SUBSTANTIAL COMPLIANCE WITH THE DEPARTMENT OF HEALTH REGULATIONS CONTAINED IN 3701-04 (A) OF THE ADMINISTRATIVE CODE.
Defendant-appellant's third assignment of error states:
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE BY THE DEFENDANT WHEN THE RECORD FAILS TO ESTABLISH THAT THE DEFENDANT KNOWINGLY AND VOLUNTARILY WAIVED HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.
Having a common basis in both law and fact, this court shall consider defendant-appellant's first, second and third assignments of error simultaneously. Defendant-appellant argues, through his first, second and third assignments of error, that the trial court improperly overruled the motion to suppress evidence. Initially, defendant-appellant maintains that the arresting officer on the scene did not have probable cause to stop defendant-appellant's vehicle. Defendant-appellant argues further that the breathalyzer test performed by the Cleveland Police Department was not conducted in substantial compliance with all pertinent regulations as set forth in the Ohio Administrative Code. Finally, defendant-appellant contends that any statements made to the police should be suppressed as there was no evidence that defendant-appellant waived hisFifth Amendment right against self-incrimination prior to making any statements to the police.
In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact.State v. Mills (1992), 62 Ohio St.3d 357; State v. McCulley
(April 28, 1994), Cuyahoga App. No. 64470, unreported. The trial court assumes the role of trier of fact in a suppression hearing and is, therefore, in the best position to resolve questions of fact and evaluate credibility of witnesses. State v. Klein
(1991), 73 Ohio App.3d 486. Appellate courts should give great deference to the judgment of the trier of fact. State v. George
(1989), 45 Ohio St.3d 329. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Klein, supra.
The Fourth Amendment to the United States Constitution provides in part: "the right of the people to secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." TheFourth Amendment to the United States Constitution and Section 14, Article One of the Ohio Constitution requires the police to obtain a warrant based upon probable cause before they conduct a search. However, the warrant requirement is subject to a number of well-established exceptions. Coolidge v. New Hampshire (1971),403 U.S. 443, 91 S.Ct. 2022.
The standard of review with respect to whether the officer had adequate grounds to conduct an investigatory stop of the defendant's vehicle without a warrant was stated in City ofBrecksville v. Bayless (Apr. 3, 1997), Cuyahoga App. No. 70937, unreported, at 5-6, citing State v. Velez (May 4, 1995), Cuyahoga App. No. 67595, unreported, at 3-5:
 The scope of our review on a motion to suppress was recently set forth by this court in State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172:
 "In a motion to suppress, the trial court assumes the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250, 63 O.O.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Scheibel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908."
 In Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to act, when he reasonably concludes that the individual is engaged in criminal activity. In justifying that conclusion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21.
 The circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. State v. Freeman
(1980), 64 Ohio St.2d 291, 295, 414 N.E.2d 1044.
In the case sub judice, defendant-appellant maintains that the arresting officer was unable to point to reasonable and articulable facts to justify the investigatory stop for weaving. A review of the record fails to support defendant-appellant's assertion.
It is well established that where a police officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091. Weaving, even within a single lane of traffic, can justify an investigatory stop. State v. Williams (1993), 86 Ohio App.3d 37, 43,619 N.E.2d 1141. In addition, observed violations of motor vehicle laws provide, in themselves, reasonable suspicion that some form of criminal activity is taking place. State v. Carver (Feb. 4, 1998), Medina App. No. 2673-M, unreported. In other words, where a police officer observes a motorist violating a traffic law, that is sufficient to give rise to the reasonable conclusion that criminal activity is taking place. State v. Lowman (1992),82 Ohio App.3d 831, 837, 613 N.E.2d 692.
During the motion to suppress, Officer White testified that he personally observed defendant-appellant's automobile traveling erratically down a one-way street at approximately 1:30 a.m. Officer White proceeded to follow defendant-appellant's vehicle during which time he further observed the vehicle weaving back and forth across the street nearly striking parked cars on both sides. Clearly, Officer White had a reasonable and articulable suspicion that criminal activity was taking place given his eyewitness observations of the traffic offense. State v. Mook
(July 15, 1998), Wayne App. No. 97CA0069, unreported. Defendant-appellant's subsequent failure of the field sobriety tests then provided the officer with probable cause to arrest defendant-appellant and transport him back to the station where the BAC test was performed. City of Rocky River v. Sweeney
(Aug. 8, 1996), Cuyahoga App. No. 69873, unreported. Defendant-appellant's first assignment of error is without merit.
Defendant-appellant's challenge to the breathalyzer test procedure and subsequent test results is equally unfounded. Defendant-appellant maintains that the city failed to substantially comply with the Department of Health Regulations contained in section 3701-53-04 of the Ohio Administrative Code in that the breathalyzer machine was not properly calibrated within seven calendar days of defendant-appellant's test.
The admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns upon substantial compliance with Ohio Department of Health regulations. State v.Plummer (1986), 22 Ohio St.3d 292, 490 N.E.2d 902. Ohio Adm. Code3701-53-04, as amended July 7, 1997, provides in pertinent part:
 (A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed any time up to one hundred and ninety two hours after the last instrument check.
 (1) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. An instrument check solution shall not be used more than three months after its date of first use. An instrument check solution approved by the director after the effective date of this rule shall not be used more than three years after the date of manufacture, notwithstanding the manufacturer's expiration date. Results of an instrument check which are outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of instrument check solution. If this instrument check also is out of range, the instrument shall not be used until the instrument is serviced.
 (2) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subjects test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.
In the case herein, defendant-appellant submitted to a breathalyzer test at approximately 2:00 a.m. on January 19, 1998. The record demonstrates further that valid instrument checks of the breathalyzer machine took place on January 11, 1998 at 6:53 a.m., and January 21, 1998 at 6:55 a.m. The results of both tests were within the range set forth in Ohio Adm. Code 3701-53-04. Given the fact that defendant-appellant's breathalyzer test was conducted within one hundred and ninety-two hours of the January 11, 1998 test, as required under the July 7, 1997 version of Ohio Adm. Code 3701-53-04, it is apparent that the city substantially complied with Ohio Department of Health regulations.
Once the city demonstrates substantial compliance with the regulations, the burden then shifts to defendant-appellant to show that he was prejudiced by the failure to strictly comply with the regulations. Absent a demonstration of such prejudice, the results of a breath alcohol test administered in substantial compliance with the Ohio Adm. Code are admissible in a prosecution under R.C. 4511.19. Plummer, supra; State v. Monsour (Dec. 5, 1997), Portage App. No. 96-P-0274, unreported. In light of the fact that defendant-appellant has been unable to demonstrate such prejudice or any evidence to show that the breathalyzer machine was invalid, this court cannot now say that the trial court erred in denying the motion to suppress based upon the instrument check of the breathalyzer unit in question. Defendant-appellant's second assignment of error is not well taken.
Defendant-appellant maintains further that the trial court erred in failing to suppress certain unspecified statements defendant-appellant apparently made to the police once in custody. Specifically, defendant-appellant argues that there is no evidence that Miranda warnings were given by the arresting officers nor was there evidence that defendant-appellant executed a knowing, voluntary and intelligent waiver of those rights at any time while in custody.
It is well established that nonverbal results of field sobriety and breathalyzer tests are not self-incriminating statements and are not subject to exclusion as "fruit of the poisonous tree." See Schmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826,16 L.Ed.2d 908; State v. Henderson (1990), 51 Ohio St.3d 54. Consequently, such statements are not rendered inadmissible by an alleged Miranda violation. Westerville v. Cunningham (1968),15 Ohio St.2d 121.
In the case sub judice, while defendant-appellant does not identify the specific statements he sought to have excluded, it is apparent from the record that defendant-appellant sought to exclude evidence relating to the field sobriety and breathalyzer tests. Contrary to defendant-appellant's contention, evidence was presented to demonstrate that the arresting officers did in fact read the Miranda warnings to defendant-appellant at the time he was being placed into the police car. While the record does not affirmatively demonstrate that a waiver of those rights occurred, defendant-appellant is unable to identify any instance where the trial court relied upon any alleged statements attributable to him as evidence of the offense of driving under the influence. Rather, the evidence consisted of the observations of the police officers in the field and the subsequent breathalyzer results which are not subject to exclusion as self-incriminating statements. See State v. Valez (Mar. 20, 1998), Columbiana App. No. 96-CO-48, unreported; State, City of Lakewood v. Tulloh (June 29, 1995), Cuyahoga App. No. 67549, unreported. Accordingly, defendant-appellant's third assignment of error is not well taken.
Defendant-appellant's fourth and final assignment of error states:
 IV. THE TRIAL COURT'S SENTENCE IS PRECLUDED UNDER THE DOUBLE JEOPARDY CLAUSE OF THE OHIO AND THE UNITED STATES CONSTITUTION.
Defendant-appellant maintains, through his fourth and final assignment of error, that he was improperly sentenced on the offense of driving under the influence. Specifically, defendant-appellant argues that his conviction for driving under the influence should be terminated since he was subject to double jeopardy. Defendant-appellant contends that his administrative license suspension, which was imposed at the time of his initial arrest pursuant to R.C. 4511.191, did not terminate at the time of his sentencing on the driving under the influence charge and actually overlapped his driving under the influence sentence for a period of six months. It is defendant-appellant's position that he is consequently being punished twice for the same conduct.
In State v. Gustafson (1996), 76 Ohio St.3d 425,668 N.E.2d 435, the Ohio Supreme Court determined that an administrative license suspension "ceases to be remedial and becomes punitive in nature to the extent it is deemed to continue subsequent to conviction and sentencing for * * *" a DUI. Id. at 443, 668, N.E.2d 435. The Court concluded that the aggregate continued application of a DUI sentence and an administrative license suspension constituted a violation of the Double Jeopardy Clause of the United States Constitution. The Court determined further that the proper remedy for such a situation would be to terminate the administrative license suspension at the time of sentencing for the DUI and keep intact the DUI sentence retroactive to the date of sentencing. See City of Richmond Heights v. Matthews (Oct. 3, 1996), Cuyahoga App. No. 68986, unreported.
In the case herein, a review of the record demonstrates that the trial court improperly failed to terminate the administrative license suspension imposed on January 19, 1998, at the time of sentencing on the charge of driving under the influence. Based upon the holdings in both Gustafson and Matthews,
defendant-appellant's conviction for driving under the influence is hereby affirmed and the case is remanded to the trial court with an order to terminate defendant-appellant's administrative license suspension retroactive to the date of sentencing on the offense of driving under the influence. See City of Cleveland v.Criss (Dec. 10, 1998), Cuyahoga App. No. 72862, unreported.
For the foregoing reasons, defendant-appellant's fourth and final assignment of error is not well taken.
Judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMONAGLE, TIMOTHY E., P.J., and SWEENEY, JAMES D., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief. per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct. Prac. R. II, Section 2 (A)(1).