DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Norwalk Municipal Court.
On November 18, 2000, appellant, Matthew P. McBride, was charged with driving without a license, a violation of R.C. 4507.02(A) and a misdemeanor of the first degree. A suppression hearing commenced on February 9, 2001. Captain Robert McLaughlin of the Huron County Sheriff's Department testified that he was on duty the morning of November 18, 2000. At approximately 5:15 a.m. he was driving in his cruiser when he saw the two red taillights of the car in front of him. Captain McLaughlin stated that he could not see the car's license plate. He then turned on his overhead lights to signal the car to pull off the road. During the stop, McLaughlin discovered there was an outstanding arrest warrant for appellant, the driver of the car, issued by the state of Delaware. Further, appellant's driver's license was suspended.
The trial court granted appellant's suppression motion finding that Captain McLaughlin lacked a reasonable, articulable suspicion that appellant was engaged or was about to engage in criminal activity. Pursuant to Crim.R. 12(J), the state appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED BY IN (sic) DECIDING THE FINAL ISSUE IN THE DEFENDANT'S MOTION TO SUPPRESS BY HOLDING `THAT CAPTAIN McLAUGHLIN OF THE HURON COUNTY SHERIFF'S DEPARTMENT LACKED A REASONABLE, ARTICULABLE SUSPICION THAT THE DEFENDANT, MATT McBRIDE WAS ENGAGED OR WAS ABOUT TO ENGAGE IN CRIMINAL ACTIVITY AND THEREFORE ANY EVIDENCE GATHERED THEREAFTER IS THE FRUIT OF THE POISONOUS TREE AND IS HEREBY SUPPRESSED."
When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v.Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein
(1991), 73 Ohio App.3d 486, 488.
Where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may make a brief, investigative stop.Terry v. Ohio (1968), 392 U.S. 1. To justify a stop under Terry, an officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams (1990), 51 Ohio St.3d 58. The United States Supreme Court noted in Alabama v. White (1990), 496 U.S. 325,330, that:
 "Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause."
An officer's observation of a traffic violation or erratic driving justifies an investigative stop. See, e.g., State v. Lowman (1992),82 Ohio App.3d 831, 837.
In the present case, Captain McLaughlin testified that he stopped appellant's car because appellant's license plate was not properly illuminated. Upon stopping the car, McLaughlin noted that appellant's plate was illuminated by a weak light. R.C. 4513.05 states in pertinent part:
"Tail lights and illumination of rear license plate.
 "* * * Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear. Any tail light, together with any separate light for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlights or auxiliary driving lights are lighted, except where separate lighting systems are provided for trailers for the purpose of illuminating such registration plate." (Emphasis ours).
At the suppression hearing, Officer McLaughlin testified that he could see appellant's license plate from approximately sixty to seventy feet away.
 "The State: And how close would you have had to come to his vehicle before you could read his license plate?
 "McLaughlin: A couple of car lengths, maybe. That would roughly be close, before I could see it with my headlights.
"The State: How many feet are we talking about?
"* * *
 "McLaughlin: I don't know if I could even estimate feet. I'm not really sure, 60, 70 feet, I don't know."
On cross-examination, appellant testified as follows:
 "Defense Counsel: Okay, and your previous testimony was that you could see it from 60 to 70 feet away, right?
 "McLaughlin: As I approached the vehicle with my headlights, right.
"* * *
 "Defense Counsel: And you could see this [plate] from 60 to 70 feet way (sic)?
 "McLaughlin: With my headlights as I was approaching. Again, the license plate light wasn't as bright as normal."
Based on this testimony and the fact that R.C. 4513.05 requires an illuminated license plate to be visible from the distance of fifty feet, we conclude that the trial court did not err in granting appellant's motion to suppress. The state's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Norwalk Municipal Court is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Melvin L. Resnick, J.
 Peter M. Handwork, J., James R. Sherck, J., JUDGE CONCUR.