[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the Huron County Court of Common Pleas wherein appellant, Jeffrey Moore, was convicted of drug possession, a felony of the first degree and a violation of R.C. 2925.11(A)(C)(4)(e). Because we conclude that the trial court did not err in denying appellant's motion to suppress and sentencing appellant, we affirm.
 {¶ 2} A suppression hearing commenced on October 18, 2001. Kirk Mueling, Commander of the Erie County Drug Task Force, testified that in August 2001, appellant, Jeffrey Moore, was suspected of trafficking in illegal drugs. According to reliable task force sources, appellant regularly brought crack cocaine from Fremont, Ohio in Sandusky County and sold it in Erie County. Mueling knew appellant's prior record included weapons charges as well as fleeing and eluding. On August 17, 2001, appellant was under task force surveillance when he was followed to a house in Fremont. Mueling testified that the house was located in a "known drug area." Mueling and his partner watched as appellant talked with a man, made two cell phone calls and opened his trunk. Mueling testified that based on his 30 years of police experience, he believed that appellant had participated in a drug transaction. When appellant started driving on State Route 20 towards Huron County, Mueling followed in an unmarked vehicle and alerted the Huron County Sheriff's Department. Mueling testified he saw appellant speeding and changing lanes without signaling. When they reached Huron County, Mueling pulled in front of appellant's car as two marked police vehicles pulled behind appellant's car. Mueling testified that he positioned his vehicle in front of appellant's because of appellant's past history of fleeing police officers.
 {¶ 3} Detective Sergeant Dane Howard with the Huron County Sheriff's Department testified that on August 17, 2001, he and his partner, David Battles, were driving an unmarked sheriff's vehicle on State Route 20 when they received a call requesting help from the Erie County Sheriff's Department. Specifically, Howard was told that a blue vehicle would soon be arriving in Huron County followed by a team of Erie County Detectives. Howard was told that the driver, appellant, was believed to be armed and in possession of drugs. Howard soon saw the blue vehicle. Howard pulled into the lane next to appellant's car in an attempt to prevent him from fleeing the police. Howard testified that appellant failed to pull over despite the fact that two police cars were driving behind him with their overhead lights and sirens activated. He traveled for approximately a mile, swerving within his lane from left to right. Howard testified that he pulled his gun, aimed it at appellant and told him to stop. Battles leaned out of the car window and showed appellant his police badge. Battles testified that appellant looked at the badge and smiled.
 {¶ 4} Huron County Sheriff's Captain Theodore Patrick testified that on August 17, 2001 he pulled behind appellant's car on State Route 20. Patrick testified that he activated his siren and overhead lights but appellant failed to stop. Patrick testified that appellant was swerving in his lane in an attempt to get around the police vehicles.
 {¶ 5} After appellant was followed by police for approximately a mile, he pulled over. At gunpoint, he exited the vehicle and was handcuffed. Mueling searched appellant for weapons and discovered crack cocaine in appellant's pocket.
 {¶ 6} The trial court denied appellant's motion to suppress. On October 31, 2001, appellant entered a no contest plea to one count of drug possession, a first degree felony. He was sentenced to eight years in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM HIM IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE CONSTITUTION OF THE STATE OF OHIO.
 {¶ 8} "II. APPELLANT'S SENTENCE OF 8 YEARS OF INCARCERATION WAS ERROR AS A MATTER OF LAW, CONSTITUTIONALLY INFIRM, AND CONTRARY TO THE PRINCIPLES AND PURPOSES OF THE SENTENCING GUIDELINES SET FORTH IN R.C. 2929.11, ET SEQ."
 {¶ 9} In his first assignment of error, appellant contends the court erred in denying his motion to suppress. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Mills (1992), 62 Ohio St.3d 357,366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488.
 {¶ 10} Where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may make a brief, investigative stop. Terry v. Ohio (1968), 392 U.S. 1. To justify a stop under Terry, an officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams (1990),51 Ohio St.3d 58. The United States Supreme Court noted in Alabama v.White (1990), 496 U.S. 325, 330, that:
 {¶ 11} "Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause."
 {¶ 12} An officer's observation of a traffic violation or erratic driving justifies an investigative stop. See, e.g., Statev. Lowman (1992), 82 Ohio App.3d 831, 837.
 {¶ 13} Appellant contends the court erred in denying appellant's motion to suppress in that Huron County police officers had no authority to stop appellant for violations that occurred in Sandusky County.
 {¶ 14} Initially, we note the well settled law which holds that information from a police officer's radio broadcast may provide the basis for an investigative stop even where the stopping officer lacks all of the underlying information which would justify the stop. State v.Holmes (1985), 28 Ohio App.3d 12. In United States v. Hensley (1985),469 U.S. 221, 83 L.Ed.2d 604, 105 S.Ct. 675, the court stated that an officer may rely on information provided by another officer as a basis for an investigative stop. However, in order for the stop to be constitutionally valid, the originating officer must himself have issued the broadcast based on specific, articulable facts leading to a reasonable suspicion that the individual was involved in criminal activity.
 {¶ 15} These cases no doubt contemplate information from an officer who has witnessed criminal activity within his or her own jurisdiction. In the present case, Huron police officers were issued a police bulletin based on specific, articulable facts from an Erie County officer who witnessed traffic infractions outside of his jurisdiction in Sandusky County. The Supreme Court of Ohio has recently held that "Where a law enforcement officer, acting outside the officer's statutory territorial jurisdiction, stops and detains a motorist for an offense committed and observed outside the officer's jurisdiction, the seizure of the motorist by the officer is not unreasonable per se under theFourth Amendment. Therefore, the officer's statutory violation does not require suppression of all evidence flowing from the stop." State v. Weideman
(2002), 94 Ohio St.3d 501, syllabus. Based on Weideman, it can be assumed that Mueling was not necessarily barred from conducting an investigative stop of appellant's car outside of his jurisdiction. Therefore, it can be argued that Mueling's call for assistance to the Huron police officers constituted a lawful basis for the investigative stop of appellant's vehicle. We need not, however, engage in this analysis to find the stop valid.
 {¶ 16} R.C. 2921.33.1 states: "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop. (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
 {¶ 17} Pursuant to the express language of this statute, a violator can be apprehended even if the stop would have otherwise been improper and subject to the granting of a motion to suppress. We recognize the potential for abuse under this statute and we hope that the legislature would amend this statute to ensure the adequate and appropriate protection of constitutional rights.
 {¶ 18} The record in this case shows that appellant willfully ignored a visible and audible signal from a Huron County officer, in Huron County, to bring his vehicle to a stop. This action alone, regardless of the underlying offense for which appellant was being pursued, constituted reasonable suspicion that appellant was committing a violation of R.C. 2921.33.1(B). As a Huron County officer witnessed this action in Huron County, the officer was justified in stopping appellant in Huron County. Appellant's suspicious behavior in refusing to heed the officer's signals further justified a limited, protective pat down search of appellant for weapons. Appellant's first assignment of error is found not well taken.
 {¶ 19} In his second assignment of error, appellant contends that the trial court erred in sentencing him to eight years in prison. Specifically, appellant contends that the trial judge erred when he stated that none of the factors of R.C. 2929.12(C) existed in appellant's case. Appellant was convicted of a first degree felony. Pursuant to R.C.2929.14(A)(1), the maximum prison term for a first degree felony is 10 years.
 {¶ 20} R.C. 2929.12(C) states:
 {¶ 21} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 22} "(1) The victim induced or facilitated the offense.
 {¶ 23} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 24} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 25} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 26} Appellant contends that the court erred in finding that appellant did not cause or expect to cause physical harm to any person or property. Appellant's contention is without merit as the record shows that appellant swerved his car towards Detective Howard's car when Howard was attempting to stop him for a traffic offense.
 {¶ 27} Appellant next contends that the court erred in finding, pursuant to R.C. 2929.12(D)(4) that:
 {¶ 28} "The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse."
 {¶ 29} R.C. 2929.19(B)(1) requires a trial court to consider the record and, if one was prepared, the presentence investigation report made pursuant to R.C. 2951.03 or Crim.R. 32.2 before imposing sentence. Presentence investigation reports are not public record but are reviewable by this court. R.C. 2951.03(D)(1). Based on our review, we conclude that the report supports the trial court's finding that appellant has demonstrated a pattern of substance abuse. Accordingly, appellant's second assignment of error is found not well taken.
 {¶ 30} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.