OFFICE OF DISCIPLINARY COUNSEL *v.* KING.

[Cite as Disciplinary Counsel *v.* King (1988), 37 Ohio St. 3d 77.]

(No. D. D. 87-26—Submitted February 10, 1988—Decided June 1, 1988.)

J. *Warren Bettis,* disciplinary counsel, and *Karen B. Hull,* for relator.

*Charles W. Kettlewell,* for respondent.

*Per Curiam.* The gravamen of respondent's position in this case is that his conviction under R.C. 2919.24(A)(1) does not constitute illegal conduct involving moral turpitude and thus does not violate DR 1-102(A)(3). Essentially, respondent maintains that his conviction resulted not from his having sexual relations with this girl, but from speaking with her after her mother had told him not to do so, and that talking to the girl on the telephone did not involve moral turpitude. Having made this distinction, respondent

urges us to read "illegal conduct involving moral turpitude" so that DR 1-102(A)(3) would not be violated unless the illegal conduct itself was the act of moral turpitude. Respondent also contends that his relationship with this girl is not sufficiently related to his fitness to practice law to be the subject of disciplinary action.

The record does not support respondent's argument that the charge against him was based solely on the May 31, 1986 telephone call. While the telephone call was the immediate cause for involving the authorities, it can hardly be considered an independent reason for the charge that was filed. Indeed, the police reports that led to the charge relate the details of respondent's sexual involvement with the girl, as well as that he contacted her without her mother's knowledge and approval. These reports firmly establish that the mother disapproved of the entire affair, not just the telephone call. They also establish that respondent engaged in this relationship despite his understanding that the mother would have disapproved of it had she realized what was going on.

Even if we subscribed to respondent's version of the facts, however, we would not be inclined to construe DR 1-102(A)(3) as narrowly as respondent suggests. An examination of the plain language of DR 1-102(A)(3) reveals that the rule prohibits lawyers from engaging in illegal acts *involving* moral turpitude; it does not restrict its reach to illegal acts *of* moral turpitude. Accordingly, we hold that all the circumstances surrounding illegal conduct should be considered when determining whether a DR 1-102(A)(3) violation has occurred.

The circumstances present in this case provide ample support for the disciplinary violations found by the board. The record plainly demonstrates that respondent knew through-

out this relationship that the girl's mother would disapprove and that he deliberately encouraged the girl to conceal it for that reason. Moreover, the evidence shows that respondent's involvement with the girl became common knowledge in their community and that she suffered considerable embarrassment and humiliation as a result.

In *Cincinnati Bar Assn.* v. *Shott* (1967), 10 Ohio St. 2d 117, 130, 39 O.O. 2d 110, 118, 226 N.E. 2d 724, 733, this court observed that the term moral turpitude is not subject to exact definition. We also noted, however, that "[t]hat which constitutes moral turpitude for a lawyer is far different from that which constitutes moral turpitude for the layman. The lawyer, because of his training and position of public trust, must be held to a more strict standard than the layman." *Id.* at 131, 39 O.O. 2d at 119, 226 N.E. 2d at 733.

There is no question in our minds that respondent's actions constituted illegal conduct involving moral turpitude or that he failed to conduct himself in a manner befitting one in a position of public trust. Therefore, we concur in the board's finding that respondent violated DR 1-102(A)(3) and 1-102(A)(6). However, we believe respondent's conduct requires a more severe sanction than that recommended by the board. Accordingly, respondent is ordered suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

SWEENEY, Acting C.J., LOCHER, HOLMES, WRIGHT and CHRISTLEY, JJ., concur.

DOUGLAS, J., dissents.

H. BROWN, J., dissents with opinion.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for MOYER, C.J.

CHRISTLEY, J., concurring. I concur with the majority's opinion that respondent's actions constituted illegal conduct *involving* moral turpitude, and reluctantly concur with the penalty imposed in that opinion. However, the specific facts present in this pitiful episode lead me to conclude that an even longer suspension would have been a more appropriate sanction for respondent.

The important fact in this case is not that respondent engaged in some type of unpopular sexual behavior. The important fact is that respondent engaged in illegal conduct involving moral turpitude that was so reprehensible, so utterly lacking in human decency, that such conduct necessarily reflected on the moral fitness of that individual to practice law.

In this instance, the facts show that the respondent did the following:

Assumed a position as counselor, trusted advisor and family friend to a fourteen-year-old virgin whose parents were undergoing a divorce;

Perverted that relationship into a sexual one, two weeks after her fifteenth birthday, thereby avoiding a criminal charge of corruption of a minor;

Encouraged and aided her in lying to and deceiving her mother, even after her mother had warned him to leave the girl alone;

Engaged in an ongoing course of frequent sexual activity with the girl for at least a six-week interval prior to discovery; and

Served beer to the minor during these trysts.

Such a cool and calculating course of seduction of a young girl surely reflects on the dignity of the legal profession and the fitness of the perpe-

trator to practice law. I, therefore, reluctantly concur.

H. BROWN, J., dissenting. I believe the appropriate penalty in this case is a suspension from the practice of law for six months which was the recommendation to us by the Board of Commissioners on Grievances and Discipline of the Bar.