OPINION *Page 2 
{¶ 1} Appellant-Defendant Travis Brunner appeals from his drug and traffic convictions, which were entered on his plea of no contest after the Stark County Common Pleas Court denied his motion to suppress.
 {¶ 2} The Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree, and one count of driving under suspension in violation of R.C. 4510.16(A), a misdemeanor of the first degree.
 {¶ 3} Appellant filed a motion to suppress challenging the initial traffic stop, search of the vehicle, and admissibility of certain statements made by appellant at the scene. A suppression hearing was held on May 9, 2007. The following facts were established at the hearing:
 {¶ 4} On the night of January 21, 2007, Officer Mark Diels of the Canton Police Department was on patrol in a marked cruiser and wearing a uniform. Officer Diels was patrolling in a high drug area. He observed a vehicle in the area of Seventh and Gibbs in Canton, Ohio. He followed the vehicle into Victory Square, a high drug area, and continued on his patrol. Later, that evening, Officer Diels again saw the vehicle parked in the 600 block of Young Avenue in front of a known drug house. A female was sitting in the passenger seat of the vehicle. Officer Diels pulled onto another street and waited for the driver to return and pull away. He followed the vehicle and observed the driver fail to signal as he pulled over to the curb and park on Second Street, in violation of Canton City Ordinance 331.14. Officer Diels testified the reason for the traffic stop was Appellant's failure to signal as he pulled over to the curb. Officer Diels requested *Page 3 
appellant's driver's license. Appellant stated he did not have a driver's license and produced a state I.D. card.
 {¶ 5} Officer Diels requested that appellant exit the vehicle. As appellant was exiting the vehicle, Officer Diels observed two large pieces of what appeared to be crack cocaine on the floor of the vehicle. Officer Diels then placed appellant in the back of the cruiser. Officer Diels returned to the vehicle and collected the suspected pieces of crack cocaine. He also found a small clear plastic bag of marijuana and a crack pipe under the driver's seat. Officer Diels further testified that appellant denied that the crack cocaine was his and stated the vehicle belonged to his girlfriend.
 {¶ 6} At the close of testimony, defense counsel withdrew all aspects of the motion to suppress except for the challenge to the stop. The trial court found that the "stop was appropriate" based upon its interpretation that a driver going down a city street who is pulling over to park is "making a change in direction" and is subject to Canton City Ordinance 331.14, which requires use of a turn signal. The trial court then denied the motion to suppress.
 {¶ 7} On August 1, 2007, appellant pleaded no contest to the indictment. The trial court accepted the plea and found appellant guilty of the charged offenses. The trial court sentenced appellant to a prison term of seven months.
 {¶ 8} Appellant raises one Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE. *Page 4 
 I. {¶ 10} Appellant claims the trial court erred in denying his motion to suppress because the police stopped him in violation of the Fourth Amendment.
 {¶ 11} "Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard". State v. Hughes, 1st Dist. No. C-070755, 2008-Ohio-3966, citing State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71.
 {¶ 12} The Fourth Amendment states that, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." An initiation of a traffic stop by a police officer constitutes a seizure under the Fourth Amendment. Berkemer v. McCarty (1984), 468 U.S. 420,436-37, 104 S.Ct. 3138, 3148, 82 L.Ed.2d 317, 332-333; Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11, 665 N.E.2d 1091. The stop of a vehicle requires a balancing of the public's privacy interest against legitimate government interests to determine if the seizure was reasonable. Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391,59 L.Ed.2d 660. An investigatory stop of a vehicle is permissible if a police officer has reasonable, articulable suspicion that the individual stopped may be involved in criminal activity. See Terry v. Ohio (1968),392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v.Bobo (1988), *Page 5 37 Ohio St.3d 77, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988),488 U.S. 910, 109 S.Ct. 264.
 {¶ 13} "When police observe a traffic offense being committed, the initiation of a traffic stop does not violate Fourth Amendment guarantees, even if the stop was pretextual or the offense so minor that no reasonable officer would issue a citation for it." State v.Raleigh, 5th Dist. No. 2007-CA-31, 2007-Ohio-5515, citing, Whren v.United States (1996), 517 U.S. 806, 116 S.Ct. 1769, 1774-75. See also,State v. Johnson, 5th Dist. No. 2007-CA-180, 2008-Ohio-1169.
 {¶ 14} Officer Diels stated he initiated the traffic stop upon observing a violation of Canton City Ordinance 331.14, which states in relevant part:
 {¶ 15} "No person shall turn a vehicle or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
 {¶ 16} "When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning, except that in the case of a person operating a bicycle, the signal shall be made not less than one time but is not required to be continuous."
 {¶ 17} Canton City Ordinance 331.14 is analogous to the state traffic law found in R.C. 4511.39. "Highway" is defined under R.C. Chapter 4511
as "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." R.C. 4511.01(BB). *Page 6 
 {¶ 18} The trial court overruled the motion to suppression at the close of the May 9, 2007 hearing. "So I'm basically saying that the stop was appropriate. It's a close call. I think the ordinance is better for out in the country on main highways, but I can understand where the officer is coming from." Tr. at 22.
 {¶ 19} Officer Diels reasonably believed that appellant had violated the traffic ordinance based upon his interpretation of the traffic code. He observed appellant pull to the curb on Second Street without signaling. The evidence was undisputed that appellant moved from his lane of travel to the curb without activating a turn signal. We find that although the traffic citation was minimal and perhaps pretextual, Officer Diels had reasonable suspicion to make the traffic stop. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 20} The judgment of the Stark County Common Pleas Court is affirmed.
 Delaney, J., Hoffman, P.J., and Gwin, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1