[Cite as *State v. Durosko*, 2020-Ohio-3133.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2019 CA 00048 |
| | : | |
| ROBERT M. DUROSKO | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Fairfield County
                                Municipal Court, Case No.
                                TRC1901918A, TRC1901918B

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         May 29, 2020

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOSEPH M. SABO                             SCOTT C. WALKER
CITY OF LANCASTER LAW DEPT.                5013 Pine Creek Drive
136 West Main Street                       Westerville, OH 43081
P.O. Box 1008
Lancaster, OH 43130

*Delaney, J.*

{¶1} Defendant-Appellant Robert M. Durosko appeals the September 19, 2019 final judgment entry of the Fairfield County Municipal Court.

## FACTS AND PROCEDURAL HISTORY

{¶2} Based on a traffic stop on March 9, 2019, Defendant-Appellant Robert M. Durosko was charged with operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), and a turn signal violation, in violation of R.C. 4511.39. Durosko entered a plea of not guilty.

{¶3} Durosko filed a Motion to Suppress the traffic stop. In the motion, Durosko argued Trooper Dickerson did not have probable cause to initiate a traffic stop because he did not observe Durosko commit a traffic violation. The following evidence was adduced at the suppression hearing.

{¶4} On March 9, 2019, Trooper Adam Dickerson of the Ohio State Highway Patrol was on road patrol at 2:46 a.m., traveling southbound on Hill Road in Pickerington, Ohio. He observed Durosko's 2012 Ford F-250 pickup truck driving ahead of him on Hill Road. Trooper Dickerson saw Durosko's vehicle drift back and forth inside his lane, touching the yellow line and then the centerline but not crossing them. The vehicle was driving the posted speed limit of 25 mph.

{¶5} Trooper Dickerson continued to follow Durosko's vehicle on Hill Road as he approached Stonebridge Boulevard. The officer observed Durosko apply his brakes and turn on his turn signal less than 100 feet before turning onto Stonebridge Boulevard. Trooper Dickerson activated his overhead lights and initiated the traffic stop.

{¶6} The State submitted the dash cam video in State's Exhibit A. Both parties agreed that the video started at 1:00. At the 1:24 mark, the video shows Durosko applying his brakes and signaling a right turn. Durosko began his turn at the 1:27 mark. The State argued the evidence showed that Durosko activated his turn signal somewhere between 66 and 90 feet prior to turning.

{¶7} Durosko testified at the hearing. He argued the evidence showed he activated his turn signal 110 feet prior to making the turn onto Stonebridge Boulevard. Durosko, a test and balance engineer, prepared a detailed and alleged to-scale diagram of the intersection and the position of his pickup truck at various times before the traffic stop. The diagram was admitted into evidence as Defendant's Exhibit 1. Durosko also testified that he recreated the location of his truck in a photograph where he activated his turn signal. (Defendant's Exhibit 2). Furthermore, Durosko testified that when taking into consideration of the entirety of the turn, his vehicle traveled just under 150 feet after activating his turn signal.

{¶8} The parties submitted post-hearing briefs.

{¶9} On August 14, 2019, the trial court issued its judgment entry denying Durosko's Motion to Suppress. Upon its consideration of the evidence, the trial court found the testimony of Trooper Dickerson was credible and supported by the dash cam video. The trial court determined the officer had a reasonable belief that Durosko committed a violation of R.C. 4511.39.

{¶10} Durosko entered plea of no contest to both charges and the trial court found him guilty. For Durosko's violation of R.C. 4511.19(A)(1)(a), the trial court sentenced Durosko to pay a $375.00 fine, one-year driver's license suspension with limited driving

privileges, one-year non-reporting probation, and 30 days in jail with 27 days suspended. Durosko was ordered to pay a $25.00 fine for his violation of R.C. 4511.39.

{¶11} Durosko filed his notice of appeal of his conviction and sentence on October 15, 2019.

### ASSIGNMENT OF ERROR

{¶12} Durosko raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE TROOPER DICKERSON DID NOT HAVE PROBABLE CAUSE TO STOP HIS VEHICLE."

### ANALYSIS

{¶14} Durosko argues in his sole Assignment of Error the trial court erred when it denied his motion to suppress. We disagree.

### Standard of Review

{¶15} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State*

*v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶16} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See Williams, supra*. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994). In this case, Durosko utilizes all three methods to contend the trial court's decision to deny the motion to suppress was in error.

**Reasonable Suspicion of a Traffic Offense to Justify the Stop**

{¶17} In *State of Ohio v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, the Ohio Supreme Court stated the applicable legal standard that courts are to apply in review of traffic stops:

The Fourth Amendment to the United States Constitution and Section 14,

Article I of the Ohio Constitution guarantee the right to be free from

unreasonable searches and seizures. *State v. Orr* (2001), 91 Ohio St.3d 389, 391, 745 N.E.2d 1036. The United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime. *Delaware v. Proouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed 2d 660; *Berkemer v. McCarty* (1984), 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317, quoting *United States v. Brignoni-Ponce* (1975) 422 U.S. 873, 881, 95 S.Ct.2574, 45 L.Ed.2d 607. Further, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, at paragraph one of the syllabus.

Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid. *Id.* at ¶ 7- 8.

The Supreme Court in *Mays* also instructs that while probable cause is a complete justification for a traffic stop, it is a stricter standard than reasonable and articulable suspicion. "The former subsumes the latter. Just as a fact proven beyond a reasonable doubt has by necessity been proven by a preponderance, an officer who has probable cause necessarily has a reasonable and articulable suspicion, which is all the officer needs to justify the stop. *Mays, supra*, at ¶ 23.

**One Hundred Feet Before Turning**

{¶18} Trooper Dickerson stopped Durosko for violating R.C. 4511.39(A), which states in pertinent part:

(A) No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning, * * *

{¶19} Durosko contends the trial court misapplied the law when it found that Trooper Dickerson had probable cause to stop his vehicle for his failure to signal his intention to turn pursuant to R.C. 4511.39(A).[1] He argues the trial court's determination that Durosko failed to signal his intention to turn 100 feet prior to turning is not supported by the ambiguous language of the statute. He contends that based on the definition of the word, "turn," the determination of "the last one hundred feet travelled by the vehicle or trackless trolley before turning" should be measured from the point of the completion of the turn.

{¶20} In support of his argument, Durosko refers this Court to our unreported decision in *State v. Allen*, 5th Dist. Fairfield No. 16-CA-20 (Dec. 19, 2016). In that case, the police officer stopped the appellant for failure to activate a turn signal in violation of

---

[1] Both Durosko and the trial court frame the constitutionality of the traffic stop in terms of whether there was probable cause, however, as set forth above in *Mays*, *supra*, Trooper Dickerson needed only reasonable suspicion.

R.C. 4511.39. The appellant filed a motion to suppress, arguing the officer's traffic stop was unreasonable. At the suppression hearing, the officer testified he was not following the appellant's vehicle when he witnessed the turn. *Id.* at ¶ 14. He saw the appellant's vehicle as he was turning into the intersection and observed the appellant's turn signal was not activated. *Id.* The trial court denied the motion to suppress, finding the State established the officer had reasonable suspicion for the stop. *Id.* at ¶ 15. The trial court stated, "* * * the language of the statute which requires the signal to be activated no less than one hundred feet immediately prior to the turn, it includes the, at least one hundred feet preceding and the last one hundred feet which would include the actual turn itself." *Id.* We affirmed the trial court's factual determination that the officer's testimony was sufficient to establish reasonable suspicion of a traffic violation. *Id.* at ¶ 16.

{¶21} Durosko argues the *Allen* case supports his argument that the statutory measurement of the activation of the turn signal includes the turn itself. We do not find *Allen* to be dispositive of Durosko's appeal.

{¶22} When we review the trial court's statement quoted in *Allen*, the trial court gives vague explanation of the feet required by R.C. 4511.39 to activate a turn signal -- "at least one hundred feet preceding the turn *and* the last one hundred feet which would include the turn itself." (Emphasis added.) *Id.* at ¶ 15.  In *Allen*, the officer testified he did not see the appellant activate a turn signal. In the present case, there is no dispute Durosko activated his turn signal prior to turning. The factual issue before the Court is at what distance before turning did Durosko activate his turn signal?

{¶23}  Trooper Dickerson testified that based on his training and experience, he observed Durosko activate his turn signal less than one hundred feet prior to the turn. (T.

19). He estimated Durosko was driving less than 25 miles per hour but admitted that a vehicle traveling at 25 miles per hour for three seconds would travel over one hundred feet (T. 40). He did not conduct any physical measurements at the scene but testified that he takes measurements at crime scenes and it has given him experience in accurately estimating distances. (T. at 10, 27)

{¶24} Durosko testified he activated his turn signal 110 feet before the turn. In support of his argument, Durosko submitted a detailed, alleged to-scale diagram of the intersection that he created. The dashcam video in this case is inconclusive as to measurements. The dashcam video showed that Durosko applied his brakes and signaled a right turn at the 1:24 mark. The turn began at the 1:27 mark. (T. 26).

{¶25} Regardless of whether a "turn" or "turning" under R.C. 4511.39 should include the distance traveled while a vehicle completes the act of "turning," we find the range of distances provided by the parties at the suppression hearing, i.e. somewhere between 66 to 150 feet, was sufficient for a police officer to reasonably conclude a violation of R.C. 4511.39 occurred. This Court has held that any traffic violation, even a *de minimis* violation, may form a sufficient basis upon which to stop a vehicle. *State v. Bangoura,* 5th Dist. No. 08 CA 95, 2009–Ohio–3339, ¶ 14, citing *State v. McCormick,* 5th Dist. No.2000CA00204, 2001 WL 111891 (Feb. 2, 2001); *State v. Woods*, 5th Dist. Licking No. 12-CA-19, 2013-Ohio-1136, ¶ 60. Although Durosko's careful estimation of distance may be grounds to challenge the merits of the charge, an officer need only form a reasonable suspicion that a crime occurred in order to initiate a traffic stop; he need not disprove all potential defenses to the criminal act. *Mays, supra,* at ¶ 17. Police officers

need not possess visual measuring tapes, nor is our standard of review in ruling upon a motion to suppress "proof beyond a reasonable doubt."

{¶26} The initial stop was constitutionally valid.

{¶27} Durosko's sole Assignment of Error is overruled.

**CONCLUSION**

{¶28} The judgment of the Fairfield County Municipal Court is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.