[Cite as *State v. Snell*, 2021-Ohio-482.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20CA0064 |
| DOMINIK A.R. SNELL | : |  |
|  | : |  |
| Defendant-Appellee | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County Court of Common Pleas, Case No. 20CR355

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     February 19, 2021

APPEARANCES:

For Plaintiff-Appellant

PAULA SAWYERS
Assistant County Prosecutor
20 South Second Street, 4th Floor
Newark, OH 43055

For Defendant-Appellee

ANDREW T. SANDERSON
Burkett & Sanderson
738 East Main Street
Lancaster, OH 43130

*Gwin, J.,*

{¶1}     Appellant the State of Ohio appeals the October 19, 2020 judgment entry of the Licking County Court of Common Pleas granting appellee Dominik Snell's motion to suppress evidence.

### Facts & Procedural History

{¶2}     On July 23, 2020, appellee was indicted on the following:   Count I, aggravated possession of a controlled substance (methamphetamine), in violation of R.C. 2925.11(A)(C)(1)(c), a felony of the second degree, and Count II, possession of a defaced firearm, in violation of R.C. 2923.201(A)(2), a misdemeanor of the first degree.

{¶3}     Appellant filed a bill of particulars on August 13, 2020.  The bill of particulars contains the following facts:   On July 15, 2020, the Central Ohio Regional Drug Enforcement Task Force was conducting surveillance on an alleged known drug location on Union Street in Newark.  Detectives witnessed a red Volkswagen park in front of the location and the occupants of the vehicle enter the building.  When the vehicle left the location, the vehicle traveled eastbound on West Main Street.  The vehicle stopped at the red light at West Main Street and 5th Street.  Officer Burris conducted a traffic stop after witnessing the vehicle failed to signal when turning right onto 5th Street.  Appellee was the driver of the vehicle.  After the traffic stop, the officer conducted a K9 free air sniff. The K9 positively alerted on the vehicle.  The officer searched the vehicle, and found a firearm and a baggie of 22.529 grams of methamphetamine in a lockbox located under the front passenger seat.  Appellee was interviewed after being mirandized, and stated that everything in the vehicle belonged to him, including the lockbox.

{¶4} Appellee filed a motion to suppress on September 8, 2020. Appellee argued as follows: it is impossible to tell from the video whether appellee failed to signal 100 feet before turning due to the obstructed view of the cruisers and the distance between the police vehicle and the Volkswagen; the traffic stop was a pretext; the officer delayed the stop beyond a period permissible by law; and his seizure was beyond that which was reasonably necessary to effectuate a traffic stop for the stated purpose.

{¶5} Appellant filed a memorandum in opposition on September 18, 2020. With regards to the argument on the turn signal, the citation in appellant's response memorandum is to R.C. 4511.22(A). However, the text of the statute cited in opposition to the motion is the text of R.C. 4511.39(A). Appellee filed a reply brief on September 29, 2020.

{¶6} The trial court held a hearing on the motion to suppress on October 19, 2020. Prior to the presentation of evidence, the court questioned the parties about the motion, response, and reply. Counsel for appellee stated he meant to cite R.C. 4511.39(A) in his motion. The trial court continued as follows:

The problem is that it [R.C. 4511.39(A)] doesn't apply here. And you say in your motion specifically that Mr. Snell came up to the red light, stopped at the red light and turned, and that's governed by 4511.36. 4511.36 is rules for turns at intersections so – well, that's right turn. I take it back. 4511.13(A)(1) is the one for turns at the intersection.

So, let's look at 4511.13(A)(1) and see how we're supposed to drive our motor vehicle as we were taught in driver's school. Highway traffic signal indications for vehicles and pedestrians shall have the following meanings:

steady green indicates vehicle traffic facing a circular green signal are permitted to proceed straight or turn right or left or make a u-turn through the intersection. So, when you come up to a green light at a traffic light, you can go three ways without any signal at all. You don't need to make it continuously; you can't make it continuously. That's why it says when appropriate or when required. It's not required at a traffic light. Anybody can turn any way they want once they come to a stop at a red traffic light and it turns green without a signal.

So, on that basis, I think I'm going to be required to grant their motion to suppress here today since there's no basis to issue a ticket or to stop them for that reason * * *.

{¶7} The trial court asked counsel for appellant whether there was anything else he could think of, and counsel responded, "No, Your Honor."

{¶8} The trial court issued a judgment entry on October 19, 2020, granting appellee's motion to suppress. The trial court stated as follows: "[p]rior to the presentation of evidence, the Court represented to the parties that pursuant to R.C. 4511.13(A)(1) of the Revised Code, there is no basis to have issued a ticket in this matter and the Court, therefore, finds the motion to suppress be well taken and grants the same."

{¶9} Appellant appeals the October 19, 2020 judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO SUPPRESS."

I.

{¶11} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist. 1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *Id.* Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in a motion to suppress. *Id.* When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d, 620 N.E.2d 906 (8th Dist. 1994).

{¶12} Appellant contends the trial court committed error in granting the motion to suppress without allowing them to present evidence or, in the alternative, that the trial court failed to apply the correct law to the findings of fact and incorrectly decided the ultimate issue in its interpretation of R.C. 4511.13(A)(1) and R.C. 4511.39(A).

{¶13} R.C. 4511.13 states, "[h]ighway traffic signal indications for vehicles * * * shall have the following meaning," and provides the following for a steady green signal indication: "Vehicular traffic * * * facing a circular green signal indication are permitted to proceed straight through or turn right or left or make a u-turn movement except as such movement is modified by a lane-use signal, turn prohibition sign, lane marking, roadway

design, separate turn signal indication, or other traffic control device * * *." R.C. 4511.13(A)(1).

{¶14} R.C. 4511.39(A), entitled "turn and stop signals," states:

No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning * * *.

{¶15} The trial court's specific findings of fact with respect to the pleadings in this case are as follows: (1) appellee stopped at the red light controlling the intersection in question; (2) appellee turned when the light turned green; (3) appellee turned without signaling 100 feet prior to the intersection in question; and (4) appellee was seized without a warrant. Appellant contends the trial court did not properly apply the appropriate law to these findings of fact and/or incorrectly decided the ultimate issue.

{¶16} We agree with appellant. There is nothing in the language of either R.C. 4511.39(A) or R.C. 4511.13 that provides they are exclusive of each other, or that R.C. 4511.39(A) does not apply in a case where a vehicle is stopped at a light. The plain language of R.C. 4511.13(A)(1) provides that at a steady green circle, a vehicle is permitted to turn right or left. However, simply because a driver is permitted to turn these directions does not relieve the driver of the duty to comply with R.C. 4511.39(A).

{¶17} "In pari materia" is a rule of statutory construction – the meaning of which is that the General Assembly, in enacting a statute, is assumed to have been aware of other statutory provisions concerning the subject matter of the enactment." See *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 404 N.E.2d 159 (1980). "All legislative provisions that relate to the same general subject matter must be read in pari materia, and in construing these provisions together, courts must harmonize and give full application to all provisions 'unless they are irreconcilable and in hopeless conflict.'" *City of Canton v. Burns,* 5th Dist. Stark No. 2015CA00164, 2016-Ohio-4885, quoting *State v. Cook*, 128 Ohio St.3d 120, 2020-Ohio-6305, 942 N.E.2d 357. In this case, R.C. 4511.13(A)(1) and R.C. 4511.39(A) are not in hopeless conflict and can both be given full application.

{¶18} At the hearing, the trial court stated that the "when required" language in R.C. 4511.39(A) indicates a turn signal is not required at a traffic light. However, neither the plain language of R.C. 4511.39(A), the plain language of R.C. 4511.13, or the case law support this conclusion. Rather, the case law discussing the "when required" language focuses on what is considered a "turn" pursuant to the statute and holds that the "when required" language is "not itself meant to create a conditional aspect to the statute's requirements," but "references the signal requirement in the first paragraph of the statute." *State v. Smith*, 4th Dist. Washington No. 03CA50, 2004-Ohio-791; *State v. Lowman*, 82 Ohio App.3d 831, 613 N.E.2d 692 (12th Dist. Warren 1992) ("when required" refers to a situation in which a driver turns on the roadway; language not intended to make the requirement conditional); *State v. Trout*, 5th Dist. Licking No. 18-CA-00043, 2019-Ohio-124 (holding a turn signal was not required pursuant to R.C. 4511.39(A) because

the curvature of the roadway is not "a turn"); *State v. Jerew*, 1999 WL 292616, 3rd Dist. Wyandot No. 9-98-47 (Feb. 22, 1999).

{¶19} In this case, there is no dispute that the movement of appellee's vehicle was considered a turn pursuant to R.C. 4511.39(A).

{¶20} The plain language of R.C. 4511.39(A) supports appellant's argument that a driver who is turning must use a turn signal no less than 100 feet prior to turning, and there is no exclusion for a vehicle stopped at a traffic light prior to a turn. The comment to R.C. 4511.39(A) provides, "the section requires a signal to be given not only before making a right or left turn, but also before changing lanes, passing another vehicle, or pulling into or out of a parking place." Further, that the "section modifies the requirement that a signal be given in sufficient time to amply warn other traffic, by requiring that a signal be given continuously for at least 100 feet before turning." 1975 Legislative Service Comment to R.C. 4511.39(A). The Digest of Ohio Motor Vehicle Laws, a product of the Ohio Department of Public Safety, provides, "turn signals must be used to show intention to turn right or left, to change course of direction, or to change lanes on a multi-lane road. They should be turned on well in advance of the planned change of direction (at least 100 feet)."

{¶21} Case law in this district and other districts supports appellant's argument that a driver who is turning must use a turn signal no less than 100 feet prior to turning. *State v. Jerew*, 1999 WL 292616, 3rd Dist. Wyandot No. 9-98-47 (Feb. 22, 1999) (vehicle stationary at red light; when light changed, appellant turned right without activating his turn signal; appellant was in violation of R.C. 4511.39); *State v. Delevie*, 5th Dist. Licking No. 18-CA-111, 2019-Ohio-3563 (R.C. 4511.39 requires a motorist to both use

reasonable care and to signal when making a turn, and failure to do either gives rise to a traffic violation); *State v. Bennett*, 5th Dist. Guernsey No. 2010-CA-34, 2011-Ohio-4527 (appellant's vehicle made a right-hand turn onto road and did not use a turn signal; finding that appellant committed a traffic violation was not clearly erroneous); *State v. Brunner*, 5th Dist. Stark No. 2007CA00285, 2008-Ohio-4519 (even though the traffic citation was minimal and perhaps pretextual, the officer had reasonable suspicion to make a traffic stop when appellant moved from his lane of travel to the curb without activating a turn signal); *State v. Bangoura*, 5th Dist. Licking No. 08 CA 95, 2009-Ohio-3339 (stop of vehicle constitutionally valid even if the stop was pretext for the officer's motive of investigating reports of drug activity when the vehicle made a right turn without using a signal); *State v. Durosko*, 5th Dist. Fairfield No. 2019 CA 00048, 2020-Ohio-3133 (appellant turned on turn signal less than 100 feet before turning; regardless of whether "turn" under R.C. 4511.39(A) includes the distance traveled while a vehicle completes the act of turning, the range of distances by the parties was sufficient for officer to reasonably conclude a violation occurred); *State v. Burnett*, 1st Dist. Hamilton Nos C-110565, C-110567 (regardless of whether traffic would have been affected by the failure to signal, the officers would still have had justification to make the stop because it is a violation of R.C. 4511.39 to fail to signal); *State v. Smith*, 4th Dist. Washington No. 03CA50, 2004-Ohio-791 (R.C. 4511.39 requires drivers to use a turn signal when making a turn, even if they are in the "turn only" lane); *State v. Lowman,* 82 Ohio App.3d 831, 613 N.E.2d 692 (12th Dist. Warren 1992) (state not required to prove appellant's failure to signal interfered with the movement of other drivers).

**{¶22}** Based on the foregoing, we find the trial court failed to apply the correct law to the findings of fact and/or incorrectly decided the ultimate or final issue in its interpretation of R.C. 4511.13(A)(1) and R.C. 4511.39(A).  Appellant's assignment of error is sustained.

**{¶23}** The October 19, 2020 judgment entry of the Licking County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.

By Gwin, J.,

Baldwin, P.J., and

Delaney, J., concur