[Cite as *State v. Powell*, 2022-Ohio-882.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

KAITLYNN A. POWELL,

    DEFENDANT-APPELLANT.

CASE NO. 2-21-20

O P I N I O N

Appeal from Auglaize County Municipal Court
Trial Court No. 2021 TRC 2832

Judgment Affirmed

Date of Decision:  March 21, 2022

APPEARANCES:

    *Nick A. Catania* for Appellant

    *Joshua Muhlenkamp* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Kaitlynn A. Powell ("Powell") appeals the judgment of the Auglaize County Municipal Court, alleging that the trial court erred by denying her motion to suppress. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} At 3:12 A.M. on May 9, 2021, Trooper Zee Deitering ("Trooper Deitering") of the Ohio State Highway Patrol was driving on State Route 29 behind a pickup truck driven by Powell. Tr. 3-4, 5. Trooper Deitering testified that he observed Powell's vehicle weaving within her lane of traffic and, for this reason, decided to follow her vehicle when she pulled onto an exit ramp that curves rightward towards Indiana Avenue in St. Mary's Ohio. Tr. 5. Ex. 2.

{¶3} This exit ramp then curves alongside the two eastbound lanes of Indiana Avenue and gradually merges into the right lane of Indiana Avenue over roughly five hundred feet. Tr. 6. Ex. 1, 2. The exit ramp does not continue alongside Indiana Avenue as an additional, parallel third lane of traffic. Tr. 6. Ex. 1, 2. Rather, motorists must eventually enter into the right lane of traffic on Indiana Avenue. Tr. 6. Ex. 1, 2.

{¶4} Trooper Deitering testified that Powell did not activate her turn signal before the exit ramp merged into Indiana Avenue and she entered into the right lane of traffic on Indiana Avenue. Tr. 4, 6-7. Ex. 2. At this point, Trooper Deitering

initiated a traffic stop of Powell's vehicle. Tr. 4. Ex. 2. A subsequent breath test indicated that Powell had a blood alcohol concentration of 0.168. Doc. 1.

{¶5} On May 10, 2021, Powell was charged with operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19(A)(1)(a); operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI") in violation of R.C. 4511.19(A)(1)(d); and failure to activate a turn signal in violation of R.C. 4511.39. Doc. 1.

{¶6} On June 13, 2021, Powell filed a motion to suppress. Doc. 27. On August 12, 2021, the trial court held a suppression hearing at which the trial court viewed a video recording of this traffic stop as captured by Trooper Deitering's dashboard camera. Tr. 1. On August 31, 2021, the trial court denied Powell's motion to suppress. Doc. 34. On September 16, 2021, Powell pled no contest to one count of OVI in violation of R.C. 4511.19(A)(1)(d). Doc. 44. The remaining charges were then dismissed pursuant to a plea agreement. Doc. 44. After finding Powell guilty of the charge against her, the trial court sentenced her. Doc. 44.

*Assignment of Error*

{¶7} Powell filed her notice of appeal on October 15, 2021. Doc. 54. On appeal, she raises the following assignment of error:

> **The trial court abused its discretion in admitting the evidence obtained after the traffic stop because there was not reasonable suspicion for a 'Terry Stop' of the defendant's vehicle.**

Powell argues that she was not required to activate her turn signal before entering onto Indiana Avenue; that there was, therefore, no legal basis for Trooper Deitering to conduct a traffic stop; and that her motion to suppress should have been granted.

*Legal Standard*

{¶8} The Fourth Amendment to the United States Constitution protects citizens "against unreasonable searches and seizures * * *." Fourth Amendment, United States Constitution. The Ohio Constitution offers a parallel provision to the Fourth Amendment of the Federal Constitution that has been held to afford the same level of protection as the United States Constitution. Article I, Section 14, Ohio Constitution. *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993, ¶ 11, citing *State v. Robinette*, 80 Ohio St.3d 234, 1997-Ohio-343, 685 N.E.2d 762 (1997).

{¶9} "The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), citing *Katz v. United States*, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Thus, "[t]he touchstone of the Fourth Amendment is reasonableness." *Jimeno* at 250. "[A] police stop of a motor vehicle and the resulting detention of its occupants has been held to be a seizure under the Fourth Amendment." *State v. Kerr*, 3d Dist. Allen No. 1-17-01, 2017-Ohio-8516, ¶ 13, citing *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

-4-

{¶10} "In order to initiate a constitutionally permissible traffic stop, law enforcement must, at a minimum, have a reasonable, articulable suspicion to believe that a crime has been committed or is being committed." *State v. Smith*, 2018-Ohio-1444, 110 N.E.3d 944, ¶ 8 (3d Dist.), citing *State v. Andrews*, 57 Ohio St.3d 86, 565 N.E.2d 1271 (1991).

> **"The Supreme Court of Ohio has defined 'reasonable articulable suspicion' as 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [upon an individual's freedom of movement].'" *State v. Shaffer*, 2013-Ohio-3581, 4 N.E.3d 400, ¶ 18 (3d Dist.), quoting *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988), quoting *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "Reasonable suspicion entails some minimal level of objective justification for making a stop—that is, something more than an inchoate and unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *Kerr*, *supra*, at ¶ 15, quoting *State v. Jones*, 70 Ohio App.3d 554, 556-557, 591 N.E.2d 810 (2d Dist. 1990).**

(Bracketed text sic.) *Smith* at ¶ 9. "A police officer may initiate a traffic stop after witnessing a traffic violation." *Id.* at ¶ 10. Thus, the failure to activate a turn signal in compliance with R.C. 4511.39(A) is a traffic violation that provides a law enforcement officer "with a legal justification to initiate a traffic stop." *State v. Harpel*, 3d Dist. Hardin No. 6-20-03, 2020-Ohio-4513, ¶ 20.

{¶11} "To deter Fourth Amendment violations, the Supreme Court of the United States has adopted an exclusionary rule under which 'any evidence that is obtained during an unlawful search or seizure will be excluded from being used against the defendant.'" *Kerr, supra*, at ¶ 17, quoting *State v. Steinbrunner*, 3d Dist.

Auglaize No. 2-11-27, 2012-Ohio-2358, ¶ 12. "Thus, the appropriate remedy for a Fourth Amendment violation is generally the suppression of any illegally obtained evidence." *Harpel*, at ¶ 15, citing *State v. O'Neal*, 3d Dist. Allen No. 1-07-33, 2008-Ohio-512, ¶ 19.

{¶12} "Appellate review of a decision on a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

> **At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. [*Burnside* at ¶ 8]. *See also State v. Carter*, 72 Ohio St.3d 545, 552[, 1995-Ohio-104, 651 N.E.2d 965] (1995). When reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, credible evidence. *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19[, 437 N.E.2d 583] (1982). With respect to the trial court's conclusions of law, however, our standard of review is de novo; therefore, we must decide whether the facts satisfy the applicable legal standard. [*Burnside* at ¶ 8], citing *State v. McNamara*, 124 Ohio App.3d 706, 710[, 707 N.E.2d 539] (4th Dist. 1997).**

(Brackets sic.) *State v. Angers*, 3d Dist. Auglaize No. 2-21-04, 2021-Ohio-3640, ¶ 13, quoting *State v. Sidney*, 3d Dist. Allen No. 1-19-32, 2019-Ohio-5169, ¶ 8.

*Legal Analysis*

{¶13} The issue in this appeal is whether Powell's failure to signal violated R.C. 4511.39(A) and gave Trooper Deitering a legal justification to initiate a traffic stop. R.C. 4511.39(A) reads, in its relevant part, as follows:

> **No person shall turn a vehicle or trackless trolley or *move right or left upon a highway* unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.**

(Emphasis added.) R.C. 4511.39(A).

> **The Digest of Ohio Motor Vehicle Laws, a product of the Ohio Department of Public Safety, provides, 'turn signals must be used to show intention to turn right or left, to change course of direction, or to change lanes on a multi-lane road. They should be turned on well in advance of the planned change of direction (at least 100 feet).'**

*State v. Snell*, 5th Dist. Licking No. 20CA0064, 2021-Ohio-482, ¶ 20.

{¶14} In this case, the lane in which Powell was driving gradually merged into a preexisting lane of traffic on Indiana Avenue. She could not remain in her lane of traffic as her lane was ending. Rather, Powell had to move left into a lane of traffic on Indiana Avenue. Accordingly, R.C. 4511.39(A) required her to signal before she moved left from her lane of traffic and into a preexisting lane of traffic on Indiana Avenue. *See also State v. Sneed*, 4th Dist. Lawrence No. 06CA18, 2007-Ohio-853, ¶ 15 (4th Dist.); *State v. Lowman*, 82 Ohio App.3d 831, 613 N.E.2d 692 (12th Dist. 1992).

{¶15} In her brief, Powell identifies two cases from our sister districts in which defendants were found not to have violated R.C. 4511.39. *State v. Paseka*, 6th Dist. Erie No. E-12-026, 2013-Ohio-2363; *State v. Barnett*, 2018-Ohio-2486, 114 N.E.3d 773 (7th Dist.). However, the configurations of the roadways in these

other cases were fundamentally different from the roadway that Powell was navigating, requiring Powell to undertake different actions to comply with R.C. 4511.39(A). For this reason, these precedents are distinguishable from the case presently before us. Thus, having examined the materials in the record, we conclude that the trial court did not err in denying Powell's motion to suppress. Accordingly, her sole assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Auglaize County Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**