[Cite as *State v. Shuff*, 2022-Ohio-3880.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                          CASE NO. 13-22-06

      v.

TYLER SHUFF,                                 O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. TRC 2104563A, B, & C**

**Judgment Affirmed**

**Date of Decision: October 31, 2022**

---

**APPEARANCES:**

    *Dean Henry* **for Appellant**

    *Elliott T. Werth* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Tyler Shuff ("Shuff"), appeals the judgment of the Tiffin-Fostoria Municipal Court's denial of his motion to suppress and request for an order in limine. We affirm.

{¶2} On December 27, 2021, Shuff was charged with two counts of operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(h), both first-degree misdemeanors as well as a turn-signal violation under R.C. 4511.39, a minor misdemeanor. On December 28, 2021, Shuff entered his written pleas of not guilty.

{¶3} On February 24, 2022, Shuff filed in the trial court a motion to suppress and request for an order in limine. On February 25, 2022, the trial court scheduled the matter for a suppression hearing. On March 28, 2022, the trial court held a suppression hearing and denied Shuff's motion.

{¶4} On April 18, 2022, Shuff pleaded no contest to all three criminal charges. After the trial court found Shuff guilty of the three charges against him, the trial court merged the OVI offenses for the purposes of sentencing. Thereafter, Shuff was sentenced on the *per se* OVI offense and the turn-signal violation. However, that sentence was stayed pending appeal.

{¶5} Shuff filed a timely notice of appeal, and raises a single assignment of error for our review.

**Assignment of Error**

**The Trial Court erred in overruling Defendant's Motion to Suppress Evidence and for Order *in Limine*.**

{¶6} In his sole assignment of error, Shuff argues that the trial court erred by denying his suppression motion and request for an order in limine. Specifically, Shuff asserts that State Highway Patrol Trooper, Jason Weaver ("Tpr. Weaver") had no reasonable, articulable suspicion to initiate a traffic stop of his vehicle for a turn-signal violation and no probable cause to arrest him for OVI.

*Standard of Review*

{¶7} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

*Analysis*

{¶8} Significantly, the case at bar involves a traffic stop. Law-enforcement officers must have a reasonable, articulable suspicion to believe that a crime has

been committed or is being committed in order to initiate a constitutionally permissible traffic stop. *State v. Andrews*, 57 Ohio St.3d 86 (1991). *See also State v. Smith*, 3d Dist. No. 1-17-50, 2018-Ohio-1444, ¶ 8, citing *id*.

> The Supreme Court of Ohio has defined "reasonable articulable suspicion" as "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [upon an individual's freedom of movement]." *State v. Shaffer*, 2013-Ohio-3581, [] ¶ 18 (3d Dist.), quoting *State v. Bobo*, 37 Ohio St.3d 177, 178, [] (1988), quoting *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, [] (1968). 'Reasonable suspicion entails some minimal level of objective justification for making a stop—that is, something more than an inchoate and unparticularized suspicion or "hunch," but less than the level of suspicion required for probable cause.' [*State v. *]*Kerr*, [3d Dist. Allen No. 1-17-01], [] ¶ 15, quoting *State v. Jones*, 70 Ohio App.3d 554, 556-557[] (2d Dist. 1990).

(Bracketed text sic.) *Smith* at ¶ 9. "A police officer may initiate a traffic stop after witnessing a traffic violation." *Id.* at ¶ 10. Thus, the failure to activate a turn signal in compliance with R.C. 4511.39(A) is a traffic violation that provides a law enforcement officer "with a legal justification to initiate a traffic stop." *State v. Harpel*, 3d Dist. Hardin No. 6-20-03, 2020-Ohio-4513, ¶ 20.

{¶9} In assessing whether a seizure was supported by reasonable, articulable suspicion, "the 'totality of circumstances' must be considered and 'viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.'" *State v. Hawkins*, 158 Ohio St.3d 94, 2019-Ohio-4210, ¶ 21, quoting *Andrews*, 57 Ohio St.3d at 87-88. "This process allows officers to draw on their own experience and specialized training to make inferences from and

deductions about the cumulative information available to them that 'might well elude an untrained person.'" *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744 (2002), *overruled on other grounds*, *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266 (2006), and quoting *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690 (1981).

**{¶10}** Significantly "there are three distinct stages in the typical * * * [OVI] scenario: (1) the initial stop; (2) the request that the driver submit to field sobriety tests; and (3) the arrest." *State v. Dierkes*, 11th Dist. Portage No. 2008-P-0085, 2009-Ohio-2530, ¶ 18, quoting *State v. Richards*, 11th Dist. Portage No. 98-P-0069, 1999 WL 1580980, *2 (Oct. 15, 1999). On appeal, Shuff only challenges whether Tpr. Weaver had a reasonable, articulable suspicion to effectuate a traffic stop for the turn-signal violation and whether Tpr. Weaver had probable cause to arrest Shuff for OVI. Thus, we will not address Tpr. Weaver's decision to detain Shuff and his subsequent request that Shuff submit to field sobriety tests.

**{¶11}** In the case at bar, there is no dispute that Shuff was making a *turn* from a left-turn only lane at the intersection of Water Street and Washington Street in Tiffin, Seneca County, Ohio. Further, it is undisputed that Shuff failed to activate his turn signal at any point while approaching that intersection, when moving into the left-turn only lane, after stopping at the intersection's flashing red lights, and during the execution of his left-hand turn. (*See* Joint Ex. 1, Tpr. Weaver's dash cam

video). Consequently, it is undisputed that Shuff did not continuously signal his intent to turn for at least 100 feet before turning. Based upon these facts, the State contends that Tpr. Weaver had reasonable, articulable suspicion to believe Shuff violated R.C. 4511.39(A). Nevertheless, Shuff argues that since this was a turn-only lane he was alleviated of his statutory requirement to activate his turn signal.

**{¶12}** To address Tpr. Weaver's initiation of the traffic stop, we look to the Revised Code. R.C. 4511.39(A) provides in pertinent part "[w]hen required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle * * * before turning, * * *." Importantly, the Revised Code does not define "[w]hen required". However, "[t]he plain language of R.C. 4511.39(A) supports [] that a driver who is turning must use a turn signal no less than 100 feet prior to turning, and there is no exclusion for a vehicle stopped at a traffic light prior to a turn." *State v. Snell*, 4th Dist. Licking No. 20CA0064, 2021-Ohio-482, ¶ 20. Moreover, in *Snell*, the Fourth District noted

> [t]he comment to R.C. 4511.39(A) provides, 'the section requires a signal to be given not only before making a right or left turn, but also before changing lanes, passing another vehicle, or pulling into or out of a parking place.' Further, that the 'section modifies the requirement that a signal be given in sufficient time to amply warn other traffic, by requiring that a signal be given continuously for at least 100 feet before turning.' 1975 Legislative Service Comment to R.C. 4511.39(A). The Digest of Ohio Motor Vehicle Laws, a product of the Ohio Department of Public Safety, provides, 'turn signals must be used to show intention to turn right or left, to change course of direction, or to change lanes on a multi-lane road. They should be

turned on well in advance of the planned change of direction (at least 100 feet).'

*Id. See also State v. Powell*, 3d Dist. Auglaize No. 2-21-20, 2022-Ohio-882, ¶ 13, citing *id*.

**{¶13}** Based upon the totality of the circumstances, we conclude that Shuff violated R.C. 4511.39(A), which provided Tpr. Weaver with reasonable, articulable suspicion to constitutionally initiate the traffic stop of Shuff's motor vehicle for a turn-signal violation. *Snell* at ¶ 20. Hence, this portion of Shuff's assignment of error is without merit.

**{¶14}** Next, we address whether Tpr. Weaver's had probable cause to arrest Shuff for OVI. "A warrantless arrest in a public place based on probable cause does not violate the Fourth Amendment of the United States Constitution." *State v. Davis*, 3d Dist. Allen No. 1-08-62, 2009-Ohio-2527, ¶ 6. "In determining whether a police officer has probable cause to arrest a suspect for OVI, a court considers whether, at the moment of arrest, the officer had information within the officer's knowledge, or derived from a reasonably trustworthy source, of facts and circumstances sufficient to cause a prudent person to believe the suspect was driving under the influence of alcohol, drugs, or both." *State v. Montelauro*, 10th Dist. Franklin No. 11AP-413, 2011-Ohio-6568, ¶ 20. "'Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.'" *Columbus v. Weber*, 10th Dist. Franklin

No. 06AP-845, 2007-Ohio-5446, ¶ 8, quoting *State v. Cabell*, 6th Dist. Lucas No. L-06-1026, 2006-Ohio-4914, ¶ 27. "In determining whether probable cause for an arrest existed, we must examine the totality of facts and circumstances surrounding the arrest." *Davis* at ¶ 6.

{¶15} The record reveals that probable cause to arrest Shuff for OVI was supported by Weaver's observations of Shuff's red, bloodshot, and glassy eyes; Shuff's flushed face; the strong odor of alcoholic beverage coming from Shuff's person; his slurred speech; his fumbling for his license; his failure to follow instructions; six out of six clues for the horizontal gaze nystagmus test; a vertical nystagmus indicating a high level of alcohol content; and a turn-signal violation. Based upon the totality of the circumstances, we conclude that Tpr. Weaver had probable cause to arrest Shuff for the offense of OVI.

{¶16} Upon our review of the entire record, we conclude that the trial court did not err by denying Shuff's motion to suppress and his request for an order in limine.

{¶17} Accordingly, for all these reasons, Shuff's assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**